Argued and submitted March 18, reversed and remanded June 5, 1991

## WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION
and Irwin A. Weiser,
*Respondents.*

(90-AB-847; CA A65306)

812 P2d 44

Lee A. Knottnerus, Portland, argued the cause for petitioner. With him on the brief were Mark M. Loomis and Lane Powell Spears Lubersky, Portland.

Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Irwin A. Weiser.

Before Richardson, Presiding Judge, and Deits and Riggs, Judges.

DEITS, J.

**DEITS, J.**

Claimant had been convicted of a crime and placed on probation. He was discharged by employer after his probation was revoked and he was incarcerated for violating the condition of probation that he abstain from consuming alcoholic beverages. Claimant had a history of poor work attendance, and he had been warned by employer before his incarceration that his job was in jeopardy. Two weeks after claimant was incarcerated, employer reviewed his attendance records and fired him because of poor attendance. The incarceration was originally set to last for six months, but claimant served four months.

Claimant sought unemployment benefits. Employer contended that he was disqualified, either because he voluntarily left work without good cause, ORS 657.176(2)(c), or because he was discharged for misconduct connected with work. ORS 657.176(2)(a). EAB allowed benefits. Employer seeks review, and we reverse.

We agree with EAB's conclusion that claimant was discharged, rather then quitting voluntarily, and we reject employer's challenge to that conclusion without discussion. The decisive question is whether the discharge was for work-connected misconduct.

The EAB majority concluded that claimant's misconduct was not work-connected and that he had not committed a "wilful violation of the standards of behavior" that employer had the right to expect or a "wilful disregard of * * * employer's interests" under OAR 471-30-038(3). EAB explained:

"Because claimant was incarcerated for six months, he could not report for work. The employer terminated claimant * * *, because of claimant's history of absenteeism, but only made that decision after claimant's incarceration began. Had claimant not been incarcerated, the employer had no plans to terminate him based on his attendance.

"Although claimant's absenteeism and tardiness violated the employer's attendance standard, we are not persuaded by this record that claimant wilfully violated that standard. We do not believe that all off-duty conduct is work-connected whenever there is *any* actual impact in the workplace. We do

not read [*Glide Lumber Prod. Co. v. Emp. Div. (Smith),* 86 Or App 669, 741 P2d 907 (1987)], so broadly. * * *

"The issue of whether or not claimant's conduct was wilful is separate from the issue of work-connection. We are unaware of any statute, rule or case which requires us to impute the intent involved in a remote act to establish the wilfulness required in OAR 471-30-038(3). * * * [C]laimant may have intended to violate his probation, but there is no evidence that, when he drank, claimant intended to violate the employer's rule against unexcused absences." (Emphasis in original; some citations omitted.)

The dissenting EAB member also relied on *Glide Lumber Prod. Co. v. Emp. Div. (Smith), supra,* 86 Or App at 675-76 n 2, in reaching the opposite conclusion. She explained:

"Claimant knowingly engaged in a course of conduct that resulted in his incarceration. As a result, I would find claimant's conduct wilful and misconduct. Because claimant was incarcerated for six months, he could not do his job. His inability to do his job made him useless as an employee for that period of time."

She would have held that the discharge was for work-connected misconduct.

■    We agree with the conclusion of the dissent but for somewhat different reasons. Claimant was not fired because of his drinking, his probation violation or his incarceration. He was discharged for recurring unexcused absences from work. For that reason, *Glide Lumber Prod. Co. v. Emp. Div. (Smith), supra,* does not control this case. The issue in *Glide* was whether and when off-duty use of illegal drugs can be work-connected misconduct. *Glide* has no relevance when a claimant has been discharged for *on-duty* misconduct. Ongoing unexcused absenteeism and tardiness are on-duty misconduct. *See Geraths v. Employment Division,* 24 Or App 201, 205, 544 P2d 1066 (1976); *Balduyck v. Morgan,* 9 Or App 363, 497 P2d 377 (1972). It is immaterial that the reason for some of claimant's absences was an off-duty activity that made it impossible for him to come to work. *Glide* says that the off-duty act of ingesting controlled substances or intoxicants is not work-connected in and of itself, if on-the-job effects do not result from it. It does *not* say that on-duty

misconduct is not work-connected simply because it is somehow related to the off-duty use of drugs or alcohol. We hold that claimant's absenteeism was work-connected misconduct.

■    We also disagree with EAB's conclusion that claimant's conduct was not "wilful," within the meaning of OAR 471-30-038(3). EAB formulated the question as being whether claimant specifically intended to violate employer's policy against unexcused absences. We think that the correct question is whether claimant wilfully created the situation that made it impossible for him to attend work or to comply with the policy. Under the facts found by the referee and EAB, he did.[1]

Reversed and remanded.

---

[1] We note that the issue here differs from the one in *Giese v. Employment Div.*, 27 Or App 929, 557 P2d 1354 (1976), *rev den* 277 Or 491 (1977), where we held that the claimant's off-duty crime was not work-connected misconduct. Here, claimant was fired for his poor attendance, not for his criminal activity.