Argued and submitted at Coos Bay October 4, affirmed December 13, 2000

Alan A. BARNES,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Klamath County,
*Respondents.*

(EAB No. 00-AB-0305; CA A109487)

15 P3d 599

Michael L. Spencer argued the cause and filed the brief for petitioner.

Reginald R. Davis, Klamath County Counsel, argued the cause and filed the brief for respondent Klamath County.

Philip Schradle, Assistant Attorney General, waived appearance for respondent Employment Department.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Claimant seeks review from an order of the Employment Appeals Board (EAB) denying him unemployment compensation benefits. We review for errors of law and substantial evidence, ORS 657.282; ORS 183.482(8), and affirm.

In 1998, claimant was arrested for driving under the influence of intoxicants (DUII). As a consequence, he lost his driver's license. Employer terminated him on the ground that he had failed to maintain a driver's license, which was a requirement of his job. Employment Department denied claimant unemployment benefits on the ground that he was discharged for misconduct connected with work. That decision was upheld by a hearings officer, and ultimately EAB agreed that claimant was not entitled to benefits. Claimant argues that EAB erred in concluding that his failure to maintain a driver's license constituted misconduct, that it erred in finding that his failure to maintain a driver's license was willful, and that it erred in concluding that his misconduct was not an isolated instance of poor judgment.

The facts, for the most part, are not in dispute. Claimant was employed as a building official by Klamath County beginning in April 1989. His job entailed supervising about a dozen employees, including building inspectors. His job description listed as a requirement that he hold a current valid driver's license. The job description further provides that responsibilities include verifying that construction is in accordance with approved plans and conducting final inspections of completed work, and it also provides that the person holding the job could expect to move from location to location up to one third of the time. His 1990 job evaluation indicated that he did, in fact, spend two to three hours per day out of the office. In 1990, claimant was arrested for DUII and, as a result, lost his driver's license for 90 days. In 1995, claimant was arrested again for DUII, and, as a result, his driver's license was suspended for approximately one year. During the suspension, employer specifically prohibited him from driving either a county vehicle or his own vehicle in the course of his work. During that period of time, when claimant needed to be out in the field to perform his job, employer

made arrangements for another employee to drive him to the job sites. Claimant's 1996 job evaluation listed as a goal that he "maintain a good driving record." After his 1998 arrest, employer again prohibited claimant from driving on the job. On claimant's conviction in 1999 based on the 1998 arrest, he lost his driver's license again. At that point, his employer dismissed him for failing to maintain a driver's license.

Claimant applied for unemployment compensation, and his application was denied on the ground that he was discharged for misconduct connected with work. Claimant appealed the decision, and a hearing was held on his claim. At the hearing, the human resources director for Klamath County testified that a driver's license was required for claimant's position for supervision and training of employees in the field. He testified that, because of the size of the county, it is sometimes necessary for a building official to travel far from the office. He testified that the employer had made accommodations for claimant in the past, having others drive him as necessary, but felt that it was an undue hardship for employer to pay another employee to drive claimant to field locations. Claimant testified that he had not driven a county vehicle in over five years and that, when he needed to go into the field, he would ride with one of the inspectors that he supervised.

The hearings officer who heard claimant's appeal concluded that he was discharged for misconduct connected with work. The hearings officer relied on OAR 471-030-0038(3)(c), which provides that "[t]he willful or wantonly negligent failure to maintain a license, certification or other similar authority necessary to the performance of the occupation involved is misconduct, so long as such failure is reasonably attributable to the individual." The hearings officer concluded that claimant's loss of his driver's license was based on his conviction for DUII, which was reasonably attributable to him. The hearings officer further found that a driver's license was necessary to the performance of claimant's job because his duties required mobility over a large area. On review, EAB similarly concluded that claimant's failure to maintain a driver's license was misconduct, relying on OAR 471-030-0038(3)(c). EAB further concluded that claimant's loss of his driver's license did not amount to a "good faith error" or an

"isolated instance of poor judgment," as those terms are used in OAR 471-030-0038(3)(b).[1]

On review, claimant argues that substantial evidence does not support EAB's conclusions that a driver's license was "necessary" for his job, that his failure to maintain a driver's license was "willful," or that his loss of his driver's license was not an "isolated instance of poor judgment." Employer responds that substantial evidence supports each of EAB's conclusions.

■ In *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990), the court stated:

"[S]ubstantial evidence supports a finding when the record, viewed as a whole, permits a reasonable person to make the finding. ORS 183.482(8)(c). A court must evaluate the substantiality of supporting evidence by considering all the evidence in the record. That is, the court must evaluate evidence against the finding as well as evidence supporting it to determine whether substantial evidence exists to support that finding. If a finding is reasonable in light of countervailing as well as supporting evidence, the finding is supported by substantial evidence." (Citations and internal quotation marks omitted.)

We review in accordance with that standard.

■ Claimant first asserts that EAB erred in determining that a driver's license was "necessary" for the performance of his job, as that term is used in OAR 471-030-0038(3)(c). Claimant argues that the evidence showed that he has not needed to operate a county vehicle as part of his job for over five years. He also points to evidence in the record that shows that, in recent years, he did considerably less work in the field than he had done in the early years on the job. He notes that, despite his inability to drive for significant portions of his employment, he maintained satisfactory performance ratings.

---

[1] OAR 471-030-0038(3)(b) provides:

"Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct."

However, it is undisputed that the description of claimant's job contains a requirement for a valid driver's license. It also is undisputed that the job involves travel to remote locations as necessary. That his employer made it possible for claimant to perform his job while he was unable to drive by having other employees drive him to remote locations does not mean that a driver's license was not "necessary to the performance of the occupation." Rather, it establishes that another employee with a valid driver's license carried out that portion of claimant's duties. Substantial evidence supports EAB's determination that a driver's license was necessary for the performance of claimant's job.

■ Claimant next argues that his failure to maintain his driver's license was not "willful" or "wantonly negligent," as those terms are used in OAR 471-030-0038(3)(c).[2] Claimant argues that, because he was never specifically told that failure to maintain a driver's license could result in his termination, his failure to maintain a driver's license could not have been either willful or wantonly negligent. We disagree. Claimant knew that a valid driver's license was a requirement for his job. Also, he knew or should have known that his conduct in driving under the influence of intoxicants could result in his losing the driver's license, which was a requirement of his job. *Weyerhaeuser Co. v. Employment Div.*, 107 Or App 505, 508-09, 812 P2d 44 (1991), is analogous in some ways. In that case, the claimant violated probation by consuming alcohol and was imprisoned as a result. After his imprisonment, his employer terminated him for absenteeism. EAB concluded that the claimant's absences from work were not willful. *Id.* at 507. This court disagreed, rejecting EAB's formulation of the question as whether the claimant specifically intended to violate his employer's policy on absences. *Id.* at 509. "We think that the correct question is whether claimant wilfully created the situation that made it

---

[2] OAR 471-030-0038(1)(b) provides:

"As used in this rule, 'wantonly negligent' means indifference to the consequences of an act or series of actions, or a failure to act or a series of failures to act, where the individual acting or failing to act is conscious of his or her conduct and knew or should have known that his or her conduct would probably result in a violation of the standards of behavior which an employer has the right to expect of an employee."

impossible for him to attend work or to comply with the policy." *Id.* In this case, claimant created a situation that made it impossible for him to comply with his employer's requirement that he maintain a valid driver's license; he drove under the influence of intoxicants—an activity that he *knew* from past experience could result in the loss of his license. Substantial evidence supports EAB's conclusion that claimant's conduct was willful or wantonly negligent.

■ Finally, claimant argues that EAB erred in determining that his conduct was not an isolated instance of poor judgment. This was not the first, nor even the second, time that claimant had lost his driver's license while working for employer. It was the third time. Substantial evidence supports EAB's conclusion that claimant's conduct was not an isolated instance of poor judgment.

Affirmed.