Submitted May 4, affirmed July 25, 2012

Jamie W. DAWSON,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Lease Crutcher Lewis,
*Respondents.*

Employment Appeals Board
11AB0754, 11AB2681;
A148411

283 P3d 434

Jamie W. Dawson filed the opening brief *pro se*.

No appearance for respondent Employment Department.

No appearance for respondent Lease Crutcher Lewis.

Before Armstrong, Presiding Judge, and Brewer, Judge, and Duncan, Judge.

BREWER, J.

**BREWER, J.**

Claimant seeks review of an order of the Employment Appeals Board (EAB) denying him unemployment compensation benefits. We review for errors of law and substantial evidence, ORS 657.282; ORS 183.482(8); and affirm.

EAB made the following findings of fact that are supported by substantial evidence. Employer, a general construction contractor, employed claimant as a carpenter, beginning in 2002, and continuing, between layoffs, until May 27, 2010. On April 21, 2009, claimant was arrested and charged with driving under the influence of intoxicants (DUII) and reckless driving. In May 2009, claimant returned to work for employer, and he continued working for employer intermittently until May 27, 2010, when he was tried and convicted on the DUII and reckless driving charges. Claimant was immediately taken into custody, and he was sentenced to nine months in jail. Claimant was incarcerated for six months and was ineligible for work release during that period. Although continuing work was available to claimant on and after May 28, 2010, due to his incarceration he was unable to report to work on May 28. On or about June 9, 2010, employer terminated claimant's employment, effective May 27, because claimant had been unable to return to work and would thereafter be unable to return to work for an extended period of time due to his incarceration.

Claimant filed a claim for unemployment benefits. After the Employment Department served a notice of its administrative decision that employer had discharged claimant for misconduct, claimant timely filed a request for hearing. On February 1, 2011, an administrative law judge (ALJ) held a hearing. Claimant testified at the hearing. In his testimony, claimant asserted that he had not engaged in misconduct because he "had every intention of going back to work" after his criminal trial and employer "had every intention of having me." According to claimant, "it was a situation they have to replace me and stuff because they have to have the manpower there and everything and so it was kind of a bad situation for both of us." Claimant concluded

that "there was no misconduct issue because I was working fine and working steady for them and they wanted me at the other job and I had every intention of being there" were it not for being taken into custody on May 27, 2010.

On February 2, 2011, the ALJ issued a hearing decision affirming the department's decision on the ground that claimant had been discharged for misconduct. Thereafter, claimant sought review from EAB. With his application for review, claimant submitted information to EAB that was not part of the hearing record before the ALJ. That information included a letter from claimant's defense attorney in the criminal case to the effect that, in the attorney's opinion, the sentencing court in that case had unlawfully failed to allow claimant 48 hours after being found guilty before he was sentenced. The thrust of claimant's submission was that, as a result of that error by the sentencing court, claimant was unable to notify employer of the result of the criminal trial and make some unspecified arrangements to mitigate the effect on his employment of the lengthy jail sentence that the court imposed.

On March 21, 2011, EAB initially affirmed without opinion the ALJ's hearing decision, concluding that employer had discharged claimant for misconduct. After petitioner sought judicial review, however, EAB withdrew its original order, as permitted by ORS 183.482(6) and ORAP 4.35, and, on September 13, 2011, filed an order on reconsideration, as authorized by ORS 657.290(3).[1] Claimant thereafter filed a notice that he intended to proceed with the judicial review proceeding.

In its order on reconsideration, EAB made the following ultimate findings and conclusions:

"Claimant admits that he made the decision to drink and drive on April 21, 2009. He willfully created a situation that

___

[1] In *Opp v. Employment Dept.*, 242 Or App 673, 676, 259 P3d 15 (2011), we held that, where EAB affirms the order of an administrative law judge without opinion, EAB's order is "insufficient to meet the standards of ORS 183.470(2)" and we must remand the case to EAB to make findings and explain how those findings support its conclusion.

made his arrest, conviction, sentencing and unavailability for work reasonably foreseeable. That the situation did not immediately make it impossible for him to report for work is not material to our determination; the nexus between the events of April 21, 2009, and his inability to return for work for an extended period after May 27, 2010, is not reasonably disputable, nor does claimant dispute the connection. Claimant was discharged effective May 27, 2010 for misconduct connected with work."

With respect to the additional information that claimant submitted with his application for review, EAB concluded that claimant had failed to establish that the information "was relevant and material" to its determination. EAB ultimately affirmed the ALJ's decision on reconsideration.

Before this court, claimant reiterates the arguments that he made before the ALJ and EAB; in addition, he makes a further argument that, as explained below, is unpreserved and whose merits we decline to consider.

We first address claimant's argument that, because (1) he had been a reliable employee and (2) both he and employer had intended for him to return to work after his criminal trial, he was not discharged for misconduct. We disagree.

ORS 657.176 provides, in part:

"(2) An individual shall be disqualified from the receipt of benefits until the individual has performed service in employment subject to this chapter, or for an employing unit in this or any other state or Canada or as defined in ORS 657.030(2) or as an employee of the federal government, for which remuneration is received that equals or exceeds four times the individual's weekly benefit amount subsequent to the week in which the act causing the disqualification occurred, if the authorized representative designated by the director finds that the individual:

"(a) Has been discharged for misconduct connected with work[.]"

An Employment Department rule, OAR 471-030-0038, provides, in part:

"(3)(a)   As used in ORS 657.176(2)(a) and (b) a willful or wantonly negligent violation of the standards of behavior which an employer has the right to expect of an employee is misconduct. An act or series of actions that amount to a willful or wantonly negligent disregard of an employer's interest is misconduct.

"(b)   Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct.

"(c)   The willful or wantonly negligent failure to maintain a license, certification or other similar authority necessary to the performance of the occupation involved is misconduct, so long as such failure is reasonably attributable to the individual."

OAR 471-030-0038(1)(c), in turn, provides:

"As used in this rule, 'wantonly negligent' means indifference to the consequences of an act or series of actions, or a failure to act or a series of failures to act, where the individual acting or failing to act is conscious of his or her conduct and knew or should have known that his or her conduct would probably result in a violation of the standards of behavior which an employer has the right to expect of an employee."

*Weyerhaeuser Co. v. Employment Div.*, 107 Or App 505, 508-09, 812 P2d 44 (1991), is instructive. In that case, the claimant had violated probation by consuming alcohol and was imprisoned as a result. After his imprisonment, his employer terminated him for absenteeism. EAB concluded that the claimant's absences from work were not willful. *Id.* at 507. This court disagreed, rejecting EAB's formulation of the question as whether the claimant specifically intended to violate his employer's policy on absences. *Id.* at 509. "We think that the correct question is whether claimant wilfully created the situation that made it impossible for him to

attend work or to comply with the policy." *Id.* We applied the same reasoning in *Barnes v. Employment Dept.*, 171 Or App 342, 347-48, 15 P3d 599 (2000). In *Barnes*, the claimant argued that his failure to maintain driving privileges was not wantonly negligent because his employer never specifically told him that failure to maintain such privileges could result in his termination. We disagreed:

> "In this case, claimant created a situation that made it impossible for him to comply with his employer's requirement that he maintain a valid driver's license; he drove under the influence of intoxicants—an activity that he knew from past experience could result in the loss of his license."

*Id.* at 348 (emphasis omitted).

More recently, in *Freeman v. Employment Dept.*, 195 Or App 417, 98 P3d 402 (2004), we reached a similar conclusion even though, unlike in *Barnes*, the

> "claimant previously had not been disciplined for alcohol-related conduct. However, as in *Barnes*, claimant created a situation that made it impossible for him to comply with his employer's requirement that he maintain driving privileges. Claimant knew of that requirement. Claimant also knew that his conduct in driving under the influence of intoxicants could result in the loss of his driving privileges. Furthermore, claimant understood employer's zero-tolerance policy. Despite that knowledge, he chose to drive after consuming a substantial quantity of alcohol, even though another employee was available to drive him home. He was stopped for swerving, and he failed the field sobriety tests that were administered to him.

> "Taken together, the foregoing facts support reasonable inferences that claimant was indifferent to the consequences of his decision to drink and drive, that he was conscious of his conduct, and that he should have known that his 'conduct would probably result in a violation of the standards of behavior which an employer has the right to expect of an employee.' Therefore, EAB did not err in finding that claimant was wantonly negligent within the meaning of OAR 471-030-0038(3)(c). It follows that EAB

also did not err in concluding that claimant engaged in misconduct under that section."

*Freeman*, 195 Or App at 422-23.

The facts in this case present a straightforward application of OAR 471-030-0038(3) and the principles discussed in the foregoing cases. The issue is not, as claimant frames it, whether, before he was incarcerated, he had been a reliable employee who, if he had remained available to work, would have been rehired by employer despite his criminal convictions. Nor is it pertinent that he might have been able to advise employer of his convictions and have made an arrangement of some kind if the sentencing court had given him an additional 48 hours after his criminal trial before imposing sentence. Rather, the facts found support the inference that claimant was discharged for misconduct because his conduct was wantonly negligent in that he was indifferent to the consequences of his decision to drink and drive, he was conscious of his conduct, and he should have known that his "conduct would probably result in a violation of the standards of behavior which an employer has the right to expect of an employee," including the requirement that he remain available for work. OAR 471-030-0038(1)(b).

We have carefully reviewed claimant's brief on review and have discerned an additional argument to which we now briefly turn. Although claimant does not expressly assert that his conduct constituted an isolated instance of poor judgment for purposes of OAR 471-030-0038(3)(b), he does cite that rule, and he also asserts that, ordinarily, a single instance of misconduct is insufficient evidence to show that a claimant's actions were willful, conscious, and in derogation of the interest of the employer. We note that EAB did not address that argument in its order on reconsideration. However, there is a good reason for that omission. Claimant never asserted such an argument before EAB or the ALJ. An issue must first be raised to the EAB before we will consider it on review. *Marella v. Employment Dept.*, 223 Or App 121, 194 P3d 849 (2008), *rev den*, 346 OR 65 (2009); *Larsen v. Board of Parole*, 206 Or App 353, 366, 138 P3d 16 (2006) ("The preservation requirements

established in ORAP 5.45(1) apply to petitions for review of agency action."). Accordingly, we decline to consider claimant's additional unpreserved argument.[2]

    Affirmed.

---

[2] In *Freeman*, we explained that determining the existence of an "isolated instance of poor judgment" requires an examination of the seriousness of the asserted misconduct and the claimant's mental state:

> "We do not suggest that the severity of conduct or its consequences is immaterial to the issue whether a claimant made a decision involving poor judgment. However, the determination whether an instance of poor judgment has occurred logically involves an examination of the claimant's decision-making process that led to the conduct or consequences, as well as the nature or gravity of the conduct or consequence itself."

195 Or App at 424 (citation omitted). Because EAB had not engaged in such an analysis, we reversed and remanded. *Id.* In doing so, we noted that the

> "claimant's arguments raise an issue of rule construction on which neither the department, EAB, nor the parties have expressly focused: Whether a claimant who has engaged in conduct ordinarily constituting misconduct under OAR 471-030-0038(3)(c) nonetheless has not engaged in misconduct if the conduct constituted an isolated instance of poor judgment or a good faith error under OAR 471-030-0038(3)(b). Generally speaking, the initial task of interpreting the department's rules is not ours or EAB's, but the department's. Here, the department has not had the opportunity to decide that issue. EAB therefore may choose to ascertain the department's interpretation of the rule as pertinent to the issue using any lawful means to do so."

*Id.* at 425-26 (citations omitted). In the wake of *Freeman*, the Employment Department amended OAR 471-030-0038 in 2004 by, among other things, adding subsection (1)(d), which provides, in part:

> "(d) As used in this rule, the following standards apply to determine whether an 'isolated instance of poor judgment' occurred:
>
> "* * * * *
>
> "(D) Acts that violate the law, acts that are tantamount to unlawful conduct, acts that create irreparable breaches of trust in the employment relationship or otherwise make a continued employment relationship impossible exceed mere poor judgment and do not fall within the exculpatory provisions of OAR 471-030-0038(3)."