On respondent Employment Division's motion for reconsideration filed September 10, 1987, reconsideration allowed and former opinion (86 Or App 733, 740 P2d 243 (1987)) adhered to as modified April 6, 1988

BIRD,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(86-AB-550; CA A40215)

752 P2d 1239

Dave Frohnmayer, Attorney General, Virginia L. Linder,

Solicitor General, and John A. Reuling, Jr., Assistant Attorney General, Salem, for motion.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

The Employment Division moves for reconsideration of our opinion, 86 Or App 733, 740 P2d 243 (1987), for the purpose of clarifying under what circumstances credibility findings must be made. It seeks clarification of this paragraph:

> "Petitioner also argues that EAB should have made credibility findings. We agree. *See de St. Germain v. Employment Division,* 74 Or App 484, 703 P2d 986 (1985). The referee made no such findings, and credibility was an issue. Portions of petitioner's story were contradicted by her co-workers, and other parts, although uncontradicted, were supported by no evidence other than her own testimony." 86 Or App at 737.

Division contends that the above statement is, at least in part, contrary to the requirements for a credibility determination set out in *Dennis v. Employment Div.,* 302 Or 160, 169, 728 P2d 12 (1986):

> "Where there is evidence in the record both to make more probable and to make less probable the existence of any particular basic fact, a referee need not explain why he or she chose which evidence to believe. * * *

> "On the other hand, where a referee declines to find in accordance with uncontradicted evidence because it comes from a source that the referee finds to be unreliable, a referee should identify the unreliability to serve as an explanation in support of the findings of basic fact or the rationality of an inference the referee may draw from the basic facts. If the evidence is in the form of testimony that a referee does not believe because the referee finds the witness either mistaken or simply to be an untruthful person, the referee should make an express finding of that fact."

■ Division argues, and we agree, that, under *Dennis,* there is no need for the referee to make an express credibility determination when a claimant's testimony is contradicted by other evidence on which the referee based the findings. The inference under such circumstances is clear: The claimant's testimony was not believed, and no explanation is necessary.

■ Division also argues that, when a referee declines to find in accordance with uncontradicted evidence from a source that it finds to be unreliable, a credibility determination is not necessary if it may reasonably be inferred that rejection of the claimant's *contradicted* testimony constitutes

a finding that the claimant was not a reliable witness. We disagree. *Dennis* allows the inference with respect to credibility to be made when there is contradictory evidence. 302 Or 160. However, when the evidence is uncontradicted and the referee or Board does not find in accordance with it, an express finding respecting credibility is necessary. *Dennis v. Employment Div., supra,* 302 Or at 170.

■    Accordingly, we modify the language of our opinion, quoted above, to read:

> "Petitioner also argues that EAB should have made credibility findings. We agree. *See de St. Germain v. Employment Division,* 74 Or App 484, 703 P2d 986 (1985). The referee made no such findings, and credibility was an issue. However, a credibility finding as to the portions of petitioner's story that were contradicted by her co-workers is not necessary. *Dennis v. Employment Div.,* 302 Or 160, 728 P2d 12 (1986). If EAB declines to accept petitioner's uncontradicted evidence, it must make express findings respecting credibility. *Dennis v. Employment Div., supra,* 302 Or at 170."

Reconsideration allowed; former opinion adhered to as modified.