Argued and submitted September 18, affirmed December 17, 1997

# WILLAMETTE GRAYSTONE, INC.,
*Petitioner,*

*v.*

# Gerald D. HAMMOND
and Employment Department,
*Respondents.*

(96-AB-2224; CA A95576)

951 P2d 166

Linda J. Kessel argued the cause for petitioner. With her on the brief was Harrang Long Gray Rudnick, P.C.

No appearance for respondents.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Employer seeks review of an order of the Employment Appeals Board (EAB) awarding unemployment compensation benefits to claimant. We review EAB's legal conclusions for errors of law, ORS 183.482(8)(a). Also, employer argues that EAB erred in finding that employer failed to carry its burden of proof that claimant was guilty of work-related misconduct. We review that finding for substantial evidence, ORS 183.482(8)(c); *Asplundh Tree Expert Co. v. Hart*, 132 Or App 494, 497, 888 P2d 1092 (1995). We affirm.

EAB found that claimant worked for employer as a delivery truck driver, first through a temporary service, then, beginning in 1993, as a regular, full-time employee. Employer had a written policy that provided for drug testing of employees. Claimant read the policy and signed a statement agreeing to submit to the requirements of the policy. The policy included the following provisions:

"Reporting for work under the influence of intoxicating liquor or illegal drugs * * * is strictly prohibited and will result in immediate termination.

"* * * * *

"[U]nder the influence is defined as any detectable level of alcohol or drugs in the employee's blood or urine * * *."

In 1995, after claimant had become a full-time employee, employer reviewed claimant's employment file and discovered that he had never been tested for drug use. On June 8, 1995, employer asked claimant to submit a urine sample to a local hospital to be tested for drugs, which he did. The sample tested positive for marijuana. Employer did not discharge claimant; rather, it entered into a "last chance" agreement with him, and claimant agreed to submit to unannounced drug testing for a period of two years. On April 23, 1996, employer again asked claimant to submit a urine sample at the hospital, which again tested positive for marijuana. Claimant protested that the test results were inaccurate. However, employer discharged claimant for violating the last chance agreement and its policy.

Claimant applied for unemployment compensation benefits. The Employment Department denied his request, and claimant requested a hearing. After receiving evidence at the hearing, the administrative law judge (ALJ) also denied his claim. Claimant appealed to EAB, which reversed, explaining:

> "The employer has an established drug policy, of which claimant was aware, which prohibits employees from *reporting to work* under the influence of illegal drugs, which the employer defines to mean any detectable level of drugs in the employee's blood or urine * * *. The employer did not allege or show that claimant reported to work on either June 8, 1995, or April 23, 1996, the dates on which the employer asked him to submit to drug testing. Therefore, we cannot construe the positive results of claimant's drug tests on those dates as persuasive evidence that claimant violated the terms of the employer's drug policy *by reporting to work under the influence of illegal drugs.*" (Emphasis supplied.)

■■ Employer assigns error to EAB's conclusion, arguing first that

> "EAB reversed the referee on the basis that [employer] did not prove that claimant had reported for work on the day of the drug test. This was error because no one raised this issue at the hearing or on appeal to the EAB. [Claimant] was represented by counsel at the hearing and on appeal to the EAB and, if this was a valid issue, it should have been raised at that time."

As employer acknowledged in its brief to EAB,[1] the issue before EAB was whether claimant should be denied unemployment compensation benefits because he was "discharged for misconduct *connected with work*," ORS 657.176(2)(a),

---

[1] In its brief to EAB, employer stated:

"The only issue on appeal is whether [claimant] is subject to disqualification for receiving benefits under ORS 657.176(9) and OAR 471-30-130."

ORS 657.176(9)(a) provides:

"For the purposes of subsection (2) of this section, an individual is considered to have committed a disqualifying act when the individual fails to comply with the terms and conditions of a reasonable policy established by the employer, which may include blanket, random, periodic and probable cause testing, that governs the use, sale, possession or effects of controlled substances or alcohol in the workplace."

which included the failure to comply with employer's drug-use policy. Employer's policy prohibited *reporting to work* under the influence of an intoxicating substance, and the last chance agreement required compliance with employer's policy. In light of the issue, the burden was on employer to establish by a preponderance of the evidence that the misconduct was work related. *Pac. N.W. Bell v. Emp. Div.*, 37 Or App 843, 850, 588 P2d 132 (1978). Thus, the question of whether claimant reported to work under the influence was squarely before the EAB, and employer had the burden of proof on that issue. Employer cannot be heard to complain now about an issue not being raised at hearing when it had the burden of proof on that issue.

■　Next, employer argues that

"The EAB erred in concluding that [employer] did not prove that claimant had reported for work * * *.

"[T]he only evidence in the record requires the conclusion that claimant did report for work on the days of the drug tests. There is no evidence that he did not so report."

In essence, employer argues that EAB erred by not finding that claimant had reported for work while under the influence. The record reflects only that employer asked claimant to submit urine samples to the hospital on the dates in question and that claimant did so. It is conceivable on that record that employer asked claimant to submit urine samples at times other than when he was at work. In other words, EAB was not required to draw the inference on which employer relies, even if such an inference is available. Thus, EAB's ultimate finding that employer did not prove that the discharge was "work-connected" is supported by substantial evidence.

■　Next, employer argues that EAB erred by not remanding the case to the ALJ, on its own motion, for further factfinding on the question of whether claimant reported for work on the dates the urine samples were submitted.[2] It relies on ORS 657.270(5), which provides, in part:

---

[2] OAR 471-041-0100 provides, in part:

"(1) The EAB shall enter a decision to affirm, modify, remand or reverse the hearing decision."

"Where the claimant or employer is unrepresented at the hearing, the referee shall explain the issues involved in the hearing and the matters which the unrepresented claimant or the employer must either prove or disprove. The referee shall insure that the record developed at the hearing shows a full and fair inquiry for consideration of all issues properly before the referee in the case."

Employer's reliance on ORS 657.270(5) is misplaced. After claimant appealed the ALJ's decision to EAB, employer retained counsel, who filed a brief with EAB on behalf of employer. If, at that stage of the proceedings, employer was not satisfied with the record, OAR 471-041-0090(4)[3] provided a means whereby employer could have sought to introduce evidence that had not been developed or considered by the ALJ. Employer did not seek to augment the evidentiary record before EAB conducted its review, nor did it ask EAB to remand the case to the ALJ. Under the circumstances, the EAB was not obligated by ORS 657.270(5) to remand the case for further factfinding.

Employer's final assignment of error involves EAB's conclusion that employer failed to prove that the drug testing laboratory performed a second, confirming test on the urine sample that led to claimant's discharge. We need not address that argument, however, because EAB's conclusion that employer failed to prove that claimant's drug use was work connected is supported by substantial evidence in the record. That conclusion is independently dispositive even if we were to conclude that EAB's decision about the drug test was incorrect.

Affirmed.

---

[3] OAR 471-041-0090 provides, in part:

"(4) The EAB may receive into the record any exhibits offered as additional evidence, in the discretion of the EAB, providing that the party offering the additional evidence establishes that:

"(a) The additional evidence is relevant and material; and

"(b) Valid and substantial reasons caused the party to fail to present the evidence at the time of the hearing before the ALJ."