Argued and submitted November 9, 2007, affirmed March 19, 2008

Taylan SEN,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Garmin AT, Inc.,
*Respondents.*

Employment Appeals Board
06AB1966; A134482

180 P3d 95

Dennis E. Koho argued the cause for petitioner. With him on the brief were Eleanor C. Beatty, and Koho & Associates.

Richard Wasserman, Attorney-in-Charge, Civil/Administrative Appeals Unit, waived appearance for Employment Department.

No appearance for respondents.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Claimant seeks judicial review of an order of the Employment Appeals Board (EAB) that denied claimant unemployment benefits on the ground that he voluntarily left work without good cause. ORS 657.176(2)(c).[1] We review the order to determine whether substantial evidence supports EAB's findings of fact, ORS 183.482(8)(c), and to determine whether there is a rational relationship between those findings and EAB's legal conclusion, *Young v. Employment Dept.*, 170 Or App 752, 755, 13 P3d 1027 (2000). We affirm.

The material facts, as found by EAB, are as follows: For several years, claimant worked as a test engineering team leader for employer, a manufacturer of communication and navigational devices for the aviation industry. During his employment, claimant had occasionally raised quality concerns with employer. More recently, claimant engaged in two "heated discussions" with employer regarding product safety.

On August 21, 2006, employer issued a written warning to claimant for walking out of a meeting after his supervisor had told him to sit down.[2] It was claimant's first, and only, written warning. Claimant orally contested the warning, and employer advised him to submit a written response. Claimant started to draft a response but did not submit it to employer.

_____

[1] ORS 657.176(2) (2005), *amended by* Or Laws 2007, ch 324, § 1, provides, in part:

"An individual shall be disqualified from the receipt of benefits until the individual has performed service in employment subject to this chapter, or for an employing unit in this or any other state or Canada or as an employee of the federal government, for which remuneration is received that equals or exceeds four times the individual's weekly benefit amount subsequent to the week in which the act causing the disqualification occurred, if the authorized representative designated by the director finds that the individual:

"* * * * *

"(c)  Voluntarily left work without good cause[.]"

All references to ORS 657.176(2)(c) herein are to the 2005 version of the statute.

[2] Claimant did not hear his supervisor tell him to sit down.

A few days later, employer made claimant an offer of resignation, which offered claimant money in exchange for his voluntary resignation by September 14, 2006. Claimant asked his supervisor and the human resources manager what would happen if he did not resign, and he was advised to think seriously about the offer because "there may not be any more dollars involved later on" and that employer did not have to give him a second warning, but if it did, "then that might be it." Employer did not tell claimant that he would be discharged if he did not resign, but claimant believed that to be the case. On September 14, 2006, claimant resigned.

Subsequently, claimant sought unemployment benefits. The Employment Department denied the claim on the ground that claimant voluntarily left work without good cause, ORS 657.176(2)(c), and EAB affirmed. Employer did not appear, or contest the claim, at any stage of the proceedings.

On review, claimant first contends that two of EAB's findings of fact are not supported by substantial evidence. After reviewing the record, we disagree.

On this point, our standard of review is controlling. We are permitted to set aside or remand an agency order only if the order is not supported by substantial evidence. ORS 183.482(8)(c). Substantial evidence exists when "the record, viewed as a whole, would permit a reasonable person to make that finding." *Id.*

Here, claimant argues that the findings are not supported by substantial evidence because he was the only person to testify at the hearing and his testimony was uncontradicted. Claimant is mistaken. Although claimant was the only witness to testify at the hearing, his own testimony was inconsistent—that is, claimant made contrary assertions of fact. In other words, this is not a situation where EAB found facts in direct opposition to a claimant's uncontradicted testimony. Instead, EAB based its findings of fact on the portions of claimant's testimony that it found persuasive, and those findings of fact are supported by substantial evidence in the record.[3]

---

[3] A discussion of the specific findings that claimant challenges and the evidence in the record supporting them would not benefit the bench, the bar, or the public.

■ EAB was not required to make credibility findings expressly accepting or rejecting specific portions of claimant's testimony, as claimant suggests. *See Hyde v. Employment Division*, 302 Or 171, 174 n 3, 728 P2d 19 (1986) (explaining that express credibility findings are only necessary "when a reviewing court would not otherwise be able to find support in the record for the referee's decision"); *Dennis v. Employment Div.*, 302 Or 160, 169-70, 728 P2d 12 (1986) (explaining when express credibility findings are necessary to permit judicial review of supporting evidence).

■ We turn to claimant's argument that EAB's findings of fact are not rationally related to its conclusion that claimant voluntarily left work without good cause. Again, we disagree.

■ Pursuant to ORS 657.176(2)(c), an individual is disqualified from the receipt of unemployment benefits if the individual voluntarily left work without good cause. Good cause is a delegative term that the Employment Department has authority to interpret and refine by rule. *See Springfield Education Assn. v. School Dist.*, 290 Or 217, 228-30, 621 P2d 547 (1980) (explaining that delegative terms, such as "good cause," require the agency to make general policy decisions). As defined by the applicable administrative rule, good cause for voluntarily leaving work is

> "such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. * * * [T]he reason must be of such gravity that the individual has no reasonable alternative but to leave work."

OAR 471-030-0038(4). The claimant bears the burden of establishing good cause by a preponderance of the evidence. *Brotherton v. Morgan*, 17 Or App 435, 438, 522 P2d 1210 (1974).

Here, EAB concluded that claimant failed to establish good cause—that is, claimant failed to show that he faced a situation of such gravity that he had no reasonable alternative but to resign when he did. It concluded that claimant had the reasonable alternative to continue working for employer while attempting to resolve employer's concerns with his conduct.

EAB's conclusion that claimant could have continued working for employer was supported by facts in the record. Those facts are that (1) claimant testified that employer did not fire or lay off employees, (2) EAB inferred that "the written offer did not explicitly state that he would be discharged if he failed to accept it," (3) claimant testified that employer did not give him a specific date by which it would discharge him if he did not resign, (4) employer chose to issue claimant only a written warning for walking out of the meeting, instead of discharging him immediately, (5) claimant's testimony suggested that some future conduct by claimant was necessary to trigger discharge, and (6) claimant indicated that he would respond to the written warning by September 17, 2006, a date *after* the September 14, 2006, deadline, suggesting that he believed that his employment would continue if he did not resign. Those reasons are sufficient to justify the conclusion that claimant did not have good cause for voluntarily leaving employment.

On review, claimant's contention is, in essence, that the record supports the findings and conclusion that he believes EAB *should have made*. However, that is not the question before us. The question is whether the record reasonably supports the findings and conclusion that EAB *actually made*. *See Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990) (explaining the proper inquiry under ORS 183.482(8)(c)). We conclude that it does and that EAB's conclusion that claimant did voluntarily leave employment without good cause rationally follows.[4]

Affirmed.

---

[4] Although we might have arrived at a different conclusion if we were sitting in EAB's position, EAB's findings are supported by substantial evidence, and its conclusion that claimant voluntarily left work without good cause is rationally related to those findings.