Argued and submitted May 13, affirmed October 15, 2008, petition for review
denied March 4, 2009 (346 Or 65)

Patty L. MARELLA,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Concorde Career Colleges, Inc.,
*Respondents.*

Employment Appeals Board
07AB0480; A135366

194 P3d 849

Jona J. Maukonen argued the cause for petitioner. With her on the brief were C. Robert Steringer and Harrang Long Gary Rudnick P.C.

Richard Wasserman, Attorney-in-Charge, Civil/Administrative Appeals Unit, waived appearance for respondent Employment Department.

No appearance for respondent Concorde Career Colleges, Inc.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Claimant seeks review of an order of the Employment Appeals Board (EAB) that disqualified her from receiving unemployment benefits for a specified period of time because she refused an offer of suitable work without good cause. The issue raised here is whether the EAB erred, both factually and legally, in determining that claimant did not have good cause to refuse to accept a position because it did not provide health benefits. We review for errors of law and substantial evidence, ORS 183.482(8)(a) and (c), and affirm.

The EAB adopted the following facts:

"(1) Claimant filed a claim for unemployment insurance benefits [and she qualified for benefits]. She registered for work as a dental assistant or as a dental assistant instructor. On August 28, 2006 the employer, Concorde Career Colleges Incorporated, offered claimant work as a dental assistant instructor in Portland, Oregon, at the hourly wage of $16.64 for 16 hours per week. Claimant refused the job offer only because the employer did not offer medical benefits.

"(2) Claimant has the experience and training for work as a dental assistant instructor. Claimant worked previously for the employer as a dental assistant instructor at the same wage as the employer offered. Claimant lives in Portland. The labor market for dental assistant instructors is the Portland metropolitan area."

Claimant submitted a supplemental declaration.[1] The following facts are from claimant's declaration and are not disputed by the EAB. Claimant has been diagnosed with multiple chronic medical conditions. At the time that claimant refused the job offer, she was taking prescribed medications for those conditions. She understood that her need for regular medical treatment and prescription medicines would continue throughout her life. Claimant's costs for medical insurance and for out-of-pocket medical expenses averaged almost $500 a month.

---

[1] This court granted claimant's motion to supplement the record.

Prior to the job offer, claimant worked as an on-call substitute instructor for the college. The on-call work did not disqualify claimant from receiving unemployment benefits. Claimant had conversations with the college's dental director concerning a potential full-time position, for which claimant would be considered. Claimant did not know if accepting the part-time position at the college would have precluded her from consideration for the potential full-time position. As previously stated, claimant refused the offer of working 16 hours a week because that position did not include medical benefits.

The Employment Department's administrative decision concluded that claimant refused, without good cause, to accept suitable work. Claimant requested a hearing. The administrative law judge's (ALJ) order affirmed the Employment Department's decision. The final order concluded that claimant "ha[d] not shown good cause for fail[ing] to accept work." The EAB affirmed the final order.

Claimant filed a petition for judicial review. Subsequently, claimant supplemented the record with her declaration and a supporting exhibit, as discussed above. *See* ORS 183.482(5). Thereafter, the EAB elected to stand on its original findings and order disqualifying claimant from receiving unemployment benefits.

Claimant makes four assignments of error on review. Claimant's first and third assignments challenge the EAB's finding that claimant refused a job offer. We conclude that the record contains substantial evidence to support the EAB's findings that claimant was offered a job and that she refused that job, and we reject those two assignments of error without further discussion. *See* ORS 183.482(8)(c) (providing that this court shall affirm upon a finding that substantial evidence exists "when the record, viewed as a whole, would permit a reasonable person to make that finding").

■　　Claimant's second assignment of error is that the EAB erred by failing to make a finding as to whether claimant had a permanent or long-term mental or physical impairment. Claimant argues that, because the EAB did not make a finding, its order violates ORS 183.470(2). That statute requires that "[t]he findings of fact shall consist of a concise

statement of the underlying facts supporting the findings as to *each contested issue of fact* and as to *each ultimate fact* required to support the agency's order." (Emphasis added.) Claimant reasons that a finding of whether she had such an impairment is an ultimate fact because that finding affects the standard for determining "good cause."

To support that argument, claimant relies on ORS 657.176(2)(e) and OAR 471-030-0038(6). ORS 657.176(2)(e) provides that a claimant is disqualified from receiving unemployment benefits if the claimant fails "without good cause to accept suitable work when offered[.]" OAR 471-030-0038(6) provides, in part:

"Good cause as used in ORS 657.176(2)(d) and (e) is such that a reasonable and prudent person, exercising ordinary common sense, would refuse to apply for available suitable work when referred by the employment office or accept suitable work when offered by the employer. For an individual with a permanent or long-term 'physical or mental impairment' (as defined at 29 CFR 1630.2(h)) good cause is such that a reasonable and prudent person with the characteristics and qualities of such individual, would refuse to apply for available suitable work when referred by the employment office or accept suitable work when offered by the employer. In determining disqualification under this section, consideration shall be given to suitable work factors and exceptions as set forth in ORS 657.190 and 657.195."

Claimant relies on the following portion of her declaration in the supplemental record:

"At [the time of the purported job offer], I was being treated for high blood pressure, thyroid disease, lichen sclerosis, hernia, and an eating disorder. To treat those medical conditions, I took a number of prescription medications. I am still treating those medical conditions."

In her brief, claimant also relies on 29 CFR section 1630.2(h), which is referred to in OAR 471-030-0038(6). 29 CFR section 1630.2(h) defines a physical or mental impairment:

"(1) Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs),

cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine; or

"(2) Any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities."

According to claimant, when her declaration is considered in connection with both OAR 471-030-0038(6) and 29 CFR section 1630.2(h), she has sufficiently raised the issue of whether she has a permanent or long-term physical or mental impairment.

Before we can consider the merits of claimant's second assignment of error, we must determine whether the issue raised by this assignment is preserved. ORAP 5.45(1). An issue must first be raised to the EAB before we will consider it on review. *See Marbet v. Portland Gen. Elect.*, 277 Or 447, 456, 561 P2d 154 (1977) ("The requirement that a party must have objected before the agency to errors he asserts on judicial review is one facet of the general doctrine that a party must exhaust his administrative remedies."); *Larsen v. Board of Parole*, 206 Or App 353, 366, 138 P3d 16 (2006) ("The preservation requirements established in ORAP 5.45(1) apply to petitions for review of agency action.").

Claimant did not make the existence of her chronic conditions a contested issue of fact or law. She did not argue to the EAB or the ALJ that (1) she had a permanent or long-term impairment; (2) her impairment met the rules' definition; or (3) the applicable good cause standard in OAR 471-030-0038(6) would be applied differently to her than to nonimpaired individuals.

The declaration submitted to the EAB did not raise an issue regarding whether claimant's conditions were "permanent or long-term" impairments as required by OAR 471-030-0038(6), or show that those conditions were the types of impairments defined in 29 CFR section 1630.2(h). Given our limited standard of review, we cannot match claimant's descriptions of her chronic conditions with the medical impairments and disorders described in the state and federal administrative rules. Nor was the EAB asked to determine the extent of claimant's multiple medical conditions as part of

an argument that claimant was asserting that the standard for good cause should be different in her case. On this record, the EAB would be surprised by the arguments raised in this assignment of error. For that reason, we conclude that claimant did not preserve her second assignment of error, and we will not consider it further.

■      Last, we address claimant's fourth assignment of error: that the EAB erred in interpreting and applying the statute and rules for good cause. Claimant argues that, as a result of the EAB's erroneous interpretation of the law, its order was inconsistent with Oregon law and the agency's rules and was not supported by substantial evidence. Claimant asserts that the "EAB limited its analysis to the suitable work factors and failed to explain how its findings of fact support a conclusion that a reasonable and prudent person would not have refused the purported job offer." We first consider whether the EAB made a legal error and then consider whether the EAB's finding was supported by substantial evidence.

To resolve this assignment of error, we begin by determining whether the EAB erroneously interpreted the phrase "good cause." ORS chapter 657, concerning unemployment benefits, does not define good cause. ORS 657.610(4)(b), however, authorizes the Employment Department to adopt rules that do. The Employment Department adopted OAR 471-030-0038(6), which provides, in part:

> "Good cause as used in ORS 657.176(2)(d) and (e) is such that a reasonable and prudent person, exercising ordinary common sense, would refuse to apply for available suitable work when referred by the employment office or accept suitable work when offered by the employer."

As claimant acknowledges, "good cause" is a delegative term that the Employment Department has authority to interpret and refine by rule. *See Springfield Education Assn. v. School Dist.*, 290 Or 217, 228-30, 621 P2d 547 (1980) (explaining that delegative terms, such as "good cause," require the agency to make general policy decisions); *Sen v. Employment Dept.*, 218 Or App 629, 633, 180 P3d 95 (2008). The Supreme Court has made clear our limited role in this situation:

"The discretionary function of the agency is to make the choice and the review function of the court is to see that the agency's decision is within the range of discretion allowed by the more general policy of the statute. This decisional relationship of agency and courts in contested cases is provided for in ORS 183.482(8)(b)[.]"

*Springfield Education Assn.*, 290 Or at 229.

The definition in OAR 471-030-0038(6) of good cause includes a "reasonable person" standard. To reverse the EAB's order, we would have to conclude that a reasonable and prudent person, exercising ordinary common sense, would not accept the job offer, because the job did not include medical benefits. On this record, we cannot reach such a conclusion. As the EAB noted, claimant's sole reason for refusing the job offer was the lack of medical benefits. Nothing in ORS 657.190 or the part of OAR 471-030-0038(6) that applies here requires the EAB to find, as a matter of law, that a person exercising ordinary common sense would refuse a job offer due to the lack of medical benefits. For this court to come to such a conclusion, we would have to substitute our definition of good cause for the agency's definition. That, however, would move this court into a policy-making role that belongs to the legislature, and, on this issue, the legislature has granted the agency discretion to determine whether refusal of a suitable job due to a lack of medical benefits should result in the disqualification of unemployment benefits. We conclude that the EAB did not err, as a matter of law, when it affirmed the Employment Department's definition of good cause.

▬ Last, we consider claimant's argument that the EAB erred in finding as fact that she lacked good cause in refusing the offer of employment. We do not accept claimant's suggestion that, because she *believed* that accepting the job offer might preclude employment with medical benefits, a reasonable and prudent person would refuse such a job offer. The test is what a "reasonable and prudent person, exercising common sense" would do. And the burden of proof is on claimant. In *Sen*, 218 Or App at 631, we reviewed an EAB order that denied the claimant unemployment benefits on the ground that he voluntarily left work without good cause. We reaffirmed in that case that "[t]he claimant bears the burden

of establishing good cause by a preponderance of the evidence." *Id.* at 633 (citing *Brotherton v. Morgan,* 17 Or App 435, 438, 522 P2d 1210 (1974)). Similarly, the burden is on claimant to establish that a valid offer of work is not suitable or that good cause exists to decline the offer. *Vail v. Employment Div.,* 30 Or App 365, 368, 567 P2d 129, *rev den,* 280 Or 397 (1977). As we explained:

> "In a determination such as good cause for voluntarily leaving work, or suitability of proffered employment, the order of EAB is to be affirmed if based on reliable, probative and substantial evidence in the whole record, and not unlawful in substance or procedure. * * * This court cannot disturb a reasonable conclusion drawn from the facts by the EAB, even if the court, were it sitting as a trier of fact, might reach a different conclusion."

*Id.* (citations omitted). Here, the record does not establish the basis of claimant's belief or that she confirmed her belief by asking the college if her belief was correct, or establish that she exercised reasonable prudence in reaching that belief.

Affirmed.