Submitted May 4, affirmed August 15, 2012

Darla J. WHITSETT,
dba Junction Laundromat Car & RV Wash,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Office of Administrative Hearings
T71223; A148769

284 P3d 594

Darla J. Whitsett filed the brief *pro se.*

No appearance for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

At issue in this judicial review of an Employment Department order is whether an individual who performed handyman tasks for petitioner was an employee, thereby exposing petitioner to a tax assessment, or an independent contractor, in which case petitioner was not obligated to pay the tax. ORS 670.600. The Department concluded that the individual was an employee and assessed petitioner a tax of $76. Petitioner renews her contention that the individual was an independent contractor. We affirm.

Petitioner operated a laundromat and, between 2008 and 2010, she intermittently paid Ducharme, a handyman, to repair the washers and dryers and to perform other tasks such as fixing doors and light fixtures. Ducharme had keys to the laundromat but did not work specific days or hours. He occasionally opened and closed the laundromat when petitioner and her husband were unavailable, but he did not charge them for doing so. He worked only when he received a telephone call from petitioner or her husband, and he worked out of his kitchen when he needed to do any work at home. He had no written agreement or fixed-price contract with petitioner; rather, he verbally reported the hours he worked to petitioner or her husband to receive payment of $25 per hour. Though Ducharme had installed and repaired washing machines for another laundromat in 2005, he did not repair washers, dryers, doors, or light fixtures for anyone other than petitioner during the period at issue, nor did he engage in any advertising, solicitation, or marketing efforts to obtain new contracts to provide similar services to anyone. He occasionally purchased parts he needed to perform his work, for which petitioner reimbursed him. Ducharme did not have a Construction Contractors Board license or an electrician's license.

On one occasion, Ducharme needed assistance from his brother, an electrician, to repair wiring on a washing machine. After the work was done, petitioner paid Ducharme's brother directly. Petitioner would have paid anyone Ducharme hired to do the work or assist him in doing the work.

The Department issued a Notice of Determination finding that petitioner was an employer subject to Oregon Employment Department law as of February 18, 2008. Petitioner requested a hearing before an administrative law judge (ALJ), and the ALJ upheld the Department's Notice of Determination, concluding that (1) petitioner was an "employer" as defined in ORS 657.025, (2) the services for remuneration upon which the determination was based constituted taxable employment under ORS 657.030 through 657.094, and (3) the payments made were wages subject to employment taxation under ORS 657.105 through 657.140. On judicial review, petitioner contends, as she did at the hearing, that Ducharme was an independent contractor, not an employee.

For purposes of ORS chapter 657 (unemployment insurance), "independent contractor" means a person "who provides services for remuneration and who, in the provision of the services":

"(a)  Is free from direction and control over the means and manner of providing the services, subject only to the right of the person for whom the services are provided to specify the desired results;

"(b)  * * * [I]s customarily engaged in an independently established business;

"(c)  Is licensed under ORS chapter 671 or 701 if the person provides services for which a license is required under ORS chapter 671 or 701; and

"(d)  Is responsible for obtaining other licenses or certificates necessary to provide the services."

ORS 670.600(2). The statutory criteria are conjunctive; a person is not considered an "independent contractor" unless each is met. Under ORS 657.683(4), the employer challenging an assessment has the burden to establish the relevant criteria. Further, for purposes of ORS 670.600(2)(b), a person is considered to be "customarily engaged in an independently established business" if any three of the following requirements are met:

"(a) The person maintains a business location:

"(A) That is separate from the business or work location of the person for whom the services are provided; or

"(B) That is in a portion of the person's residence and that portion is used primarily for the business.

"(b) The person bears the risk of loss related to the business or the provision of services as shown by factors such as:

"(A) The person enters into fixed-price contracts;

"(B) The person is required to correct defective work;

"(C) The person warrants the services provided; or

"(D) The person negotiates indemnification agreements or purchases liability insurance, performance bonds or errors and omissions insurance.

"(c) The person provides contracted services for two or more different persons within a 12-month period, or the person routinely engages in business advertising, solicitation or other marketing efforts reasonably calculated to obtain new contracts to provide similar services.

"(d) The person makes a significant investment in the business, through means such as:

"(A) Purchasing tools or equipment necessary to provide the services;

"(B) Paying for the premises or facilities where the services are provided; or

"(C) Paying for licenses, certificates or specialized training required to provide the services.

"(e) The person has the authority to hire other persons to provide or to assist in providing the services and has the authority to fire those persons."

ORS 670.600(3).

Petitioner's only legal argument, other than rearguing the facts, is that Ducharme was exempt from the contractor licensing requirement. Petitioner did not make that argument below. However, even if petitioner is correct that Ducharme did not need a license, the outcome

is unchanged because, even if we were to consider petitioner entitled to every plausible inference from the record, Ducharme meets at most only two of the requirements in ORS 670.600(3) to be considered as "customarily engaged in an independently established business": the responsible for "risk of loss" requirement (petitioner testified that Ducharme would correct defective work) and the "authority to hire other persons" requirement (Ducharme once hired his brother). Ducharme did not maintain a business location; he worked only occasionally from his kitchen and answered work calls on his personal telephone. Though Ducharme repaired washing machines and dryers for another laundromat in 2005, according to his own testimony, he did not provide those services to anyone other than petitioner during 2008 to 2010. Additionally, Ducharme testified that he did not engage in any advertising or marketing efforts to offer services to other persons during the relevant time period. He did not have a business card, a business telephone, or a business name. Ducharme used his own small tools for his work and, if he purchased any parts, petitioner reimbursed him. He also testified that he did not have any licenses required for construction contracting or electrician work. Therefore, Ducharme did not make any significant investment in his business.

Because petitioner did not establish that Ducharme satisfied three of the five factors set forth in ORS 670.600(3), petitioner failed to demonstrate that Ducharme customarily engaged in an independently established business. Therefore, the services for remuneration upon which the determination is based were performed by an employee, not an independent contractor, and constitute taxable employment.

Affirmed.