Submitted August 22, affirmed December 10, 2014

ENTREPRENEURS FOUNDATION,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Lisa A. Sloan,
*Respondents.*

Employment Appeals Board
12AB2741; A152982

340 P3d 768

Amy L. Angel, Iris K. Tilly, and Barran Liebman LLP filed the briefs for petitioner.

Denise G. Fjordbeck, Attorney-in-Charge, waived appearance for respondent Employment Department.

Christopher R. Page and Hershner Hunter, LLP, filed the brief for respondent Lisa A. Sloan.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Entrepreneurs Foundation (employer) petitions for judicial review of an order by the Employment Appeals Board (the EAB), which adopted an order of an administrative law judge (ALJ) awarding unemployment benefits to claimant on the basis that employer terminated claimant but not for misconduct. Employer raises three assignments of error concerning the EAB's adoption of the ALJ's order, but all depend on its contention that the ALJ and the EAB should have based their legal conclusions and factual findings on ORS 657.176(2)(e), rather than on ORS 657.176(2)(a) and ORS 657.176(2)(c). Because employer's arguments under ORS 657.176(2)(e) were not preserved before the ALJ or the EAB, we affirm.

The facts are largely undisputed. Claimant worked as a remote employee in Portland for a little over a year, commuting once a month to employer's California office. In 2012, employer and the Silicon Valley Community Foundation (SVCF) made plans to merge. While claimant was still employed, SVCF offered claimant a new job at the same pay after the merger and told claimant that she would be allowed to continue working remotely. Claimant initially accepted the job offer. On June 29, 2012, employer's executive director sent claimant an e-mail stating that, "due to the acquisition of [employer,] there is no longer a role for you with our organization. As of the close of business today, June 29, 2012, your employment with [employer] is terminated." Later that day, claimant sent SVCF an e-mail declining its job offer because the "company culture does not support remote employees" and working remotely would be a "liability to * * * success with [the] organization." Claimant's job with employer terminated at the end of the business day on June 29. Employer and SVCF merged the next day and employer agreed to "operate under SVCF's complete control"; employer "was not capable of employing claimant as a separate employer from SVCF after the merger."

Claimant then applied for unemployment benefits. The Employment Department (department) denied her claim, concluding that she had voluntarily left work without

good cause and was therefore disqualified from receiving benefits under ORS 657.176(2)(c). Claimant requested a hearing before an ALJ to contest the department's decision, after which the ALJ issued a final order concluding that claimant was eligible for benefits because she had been discharged but not for misconduct. The hearing notice and the ALJ's opinion both framed the broad issue on appeal as, "Shall claimant be disqualified from the receipt of benefits because of a separation, discharge, suspension or voluntary leaving from work? (ORS 657.176, ORS 657.190 and OAR 471-030-0038.)" The ALJ's opinion specifically addressed ORS 657.176(2)(a) and ORS 657.176(2)(c). ORS 657.176 provides, in part:

> "(2)   An individual shall be disqualified from the receipt of benefits * * * if * * * the individual:
>
> "(a)   Has been discharged for misconduct connected with work; [*or*]
>
> "* * * * *
>
> "(c)   Voluntarily left work without good cause."

(Emphasis added.) The ALJ's order was organized accordingly; the first issue was "whether claimant quit or was discharged." The ALJ concluded that claimant was discharged because employer was not willing to employ claimant after June 29, 2012, even though claimant was willing to continue to work for employer after that time. The second issue was "whether the employer discharged claimant for misconduct connected with work." Because employer did not present any evidence at the hearing that "suggested that claimant violated its policies or disregarded its interests," the ALJ concluded that claimant was discharged but not for misconduct connected with work.

Employer appealed the ALJ's order to the EAB. As part of the application, employer submitted a written argument, which included additional evidence and argued for the first time that ORS 657.176(2)(e) disqualified claimant from receiving unemployment benefits because she failed "without good cause to accept suitable work when offered." The EAB did not consider employer's written argument, stating that it "contained information that was not part of the

hearing record and [employer] failed to certify that it provided a copy of its written argument to the other parties as required." The EAB reviewed the entire hearing record and adopted the ALJ's order.

Employer argues to us on review that claimant was disqualified from receiving unemployment benefits because she failed without good cause to accept suitable work when offered under ORS 657.176(2)(e). Employer's three assignments of error center around employer's contention that the ALJ committed legal error and the order lacked substantial reason under ORS 657.176(2)(e); indeed, employer contends that the ALJ utterly disregarded its defense and failed to engage in any legal analysis related to ORS 657.176(2)(e). Claimant counters that, because employer failed to make arguments relating to that section before the ALJ, and because the EAB refused to consider its arguments for the first time on review, employer's assignments of error were not preserved. Employer responds that its arguments under ORS 657.176(2)(e) were preserved under *Marella v. Employment Dept.*, 223 Or App 121, 126, 194 P3d 849 (2008), *rev den*, 346 Or 65 (2009), because the job offer was discussed at the administrative hearing. Employer alternatively argues that, because it is the ALJ's duty under ORS 657.270(3)(a) to explain the legal issues to unrepresented parties and to ensure that there is a "full and fair inquiry into the facts," the ALJ was responsible for any failure to preserve arguments under ORS 657.176(2)(e).

We begin with the matter of preservation, because it is dispositive. ORAP 5.45(1) provides that "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court." Preservation requirements "apply with as much force in the administrative area." *Veselik v. SAIF*, 177 Or App 280, 288, 33 P3d 1007 (2001); *see Marella*, 223 Or App at 126 ("An issue must first be raised to the EAB before we will consider it on review."). In order to preserve an argument for judicial review, the party asserting the error "must provide the * * * agency with an explanation of his or her objection that is specific enough to ensure that the * * * agency is able to consider the point and avoid committing error." *Becklin v. Board of Examiners for*

*Engineering,* 195 Or App 186, 199-200, 97 P3d 1216 (2004), *rev den,* 338 Or 16 (2005). This requirement advances the purposes of the preservation rule, such as ensuring fairness so that parties are not "surprise[d], misled, or denied opportunities to meet an argument." *Davis v. O'Brien,* 320 Or 729, 737, 891 P2d 1307 (1995). Preservation also assists the "development of a full record to facilitate review" and "promotion of judicial efficiency." *State v. Hardesty,* 238 Or App 146, 150, 241 P3d 741 (2010), *rev den,* 349 Or 654 (2011). "Ultimately, the preservation rule is a practical one, and close calls * * * inevitably will turn on whether, given the particular record of a case, the court concludes that the policies underlying the rule have been sufficiently served." *State v. Parkins,* 346 Or 333, 341, 211 P3d 262 (2009).

The record here reveals that employer did not preserve its arguments regarding ORS 657.176(2)(e) before the ALJ. Employer never argued that section at the hearing, or even questioned claimant about whether the job offer constituted "suitable work." Although the facts developed at the hearing could support an argument under ORS 657.176(2)(e), it is apparent that those facts were presented for purposes of addressing issues raised by ORS 657.176(2)(a) and (c), and additional facts and argument would have been necessary to support a conclusion that ORS 657.176(2)(e) was dispositive.

The ALJ's questions at the hearing and the order focused on whether claimant voluntarily quit or was discharged. In an opening statement, the ALJ stated, "The issue for this hearing is whether the [c]laimant shall be disqualified from receipt of benefits based on a separation, discharge, or voluntarily leaving work." The ALJ then described the burden of proof for each claim: for a discharge case, "the burden of persuasion is on the [e]mployer to show that the [c]laimant was discharged for misconduct. In a voluntary quit case, the burden of persuasion is on the [c]laimant to show that he or she quit for good cause." When the ALJ discussed the issues with the parties and asked each party for any "questions about the hearing process or the law that will apply today," employer asked for a postponement, but did not attempt to change the focus of the inquiry at the

hearing. The ALJ asked employer[1] a series of questions that similarly framed the hearing:

"Q:   And was [claimant] discharged?

"A:   No. She was not.

"Q:   Did she quit?

"A:   Yes. She did."

Employer's representatives went on to testify that claimant submitted an e-mail on June 29 stating that she "had decided to not join [SVCF]." The ALJ then asked, "Did she give any other reason as to why she would not be joining [SVCF]?" Employer replied with claimant's explanation about the company culture not supporting remote employees. The ALJ then proceeded into a line of questions regarding whether the job offered was for an identical position as claimant's job with employer.

When the ALJ questioned claimant, he framed the questions similarly, asking claimant if she quit her job or was discharged and asking for her reasons for rejecting the SVCF job offer. Claimant's attorney questioned claimant about her job with employer and how it compared with the job offer from SVCF. Because ORS 657.176(2)(a) and (c) were the focus of argument, claimant had the burden to persuade the ALJ that, if she quit, it was for good cause. Accordingly, claimant testified as to how SVCF's job offer was for a different position than her former one and how various SVCF supervisors had made it clear to her that SVCF did not support remote employees. Because employer was arguing that claimant quit voluntarily when she refused SVCF's job offer, the testimony about the job offer and SVCF's treatment of remote employees was developed to support employer's argument that claimant had quit without good cause.

---

[1] The three representatives for employer at the ALJ hearing were SVCF employees. At the time of the hearing, employer had merged into SVCF and "no longer exist[ed] as an employing unit." Employer appeared to assume, in appearing with only SVCF employees, that SVCF and employer were one and the same. However, employer never argued this before the ALJ and, as a result, its arguments concerning whether claimant quit or was discharged are confused. Employer proceeded with its argument that claimant quit when she refused the job offer, ignoring the fact that claimant was never an employee of SVCF, so she could not have quit SVCF.

By contrast, preliminary issues of fact relevant to an ORS 657.176(2)(e) analysis were never raised. In order for the ALJ to address that section, employer (not claimant) would have been required to prove that claimant (a) failed to accept suitable work (b) without good cause. However, the record was not developed with regard to whether the job offer from SVCF was "suitable" or whether claimant had "good cause" for rejecting it. Further, employer never argued, as it does now, that the impending merger meant that a job offer from SVCF before the merger was no different from employer offering an employee "suitable work" before discharge or that that section applies to a claimant who is still employed. Accordingly, claimant never had the opportunity to respond to that line of reasoning and present evidence that the work was not suitable or argue that ORS 657.176(2)(e) does not apply to a person who receives an offer of employment while still employed. Indeed, on more than one occasion, claimant questioned how SVCF employees could testify on behalf of employer and testified that, even though she had been willing to continue working for employer, she did not take the SVCF position because "[i]t was not the same employer."

Moreover, we note that the EAB rejected employer's written argument addressing its contentions under ORS 657.176(2)(e) precisely because that argument relied on evidence not in the hearing record and had not been properly submitted to opposing parties. The EAB treated the argument as a new argument. We likewise conclude that straining to read the testimony about the job offer to be sufficient to preserve arguments that were not addressed to the ALJ would not promote the policies of procedural fairness to the parties that underlie the preservation rule.

Contrary to employer's contention, *Marella* does not stand for the proposition that any mention of contested facts that could support an alternative legal argument preserves that legal argument. In that case, the claimant argued that she had a permanent or long-term impairment that justified her rejection of a post-discharge job offer, 223 Or App at 125-26, and relied on a declaration in the supplemental record to support her contention that the argument was preserved. The declaration stated:

> "At [the time of the purported job offer], I was being treated for high blood pressure, thyroid disease, lichen sclerosis, hernia, and an eating disorder. To treat those medical conditions, I took a number of prescription medications. I am still treating those medical conditions."

*Id.* at 125. However, we concluded that the claimant "did not make the existence of her chronic conditions a contested issue of fact or law," because she did not argue to the ALJ or the EAB that she had a permanent or long-term impairment, that her impairment met the definition of the relevant rule, and that the applicable "good cause" standard in the rules would apply differently to her as a result. *Id.* at 126. Accordingly, we held that her declaration did not sufficiently raise the issue of whether she had permanent or long-term impairments and concluded that the EAB "would be surprised by the arguments raised in this assignment of error." *Id.* at 127.

Similarly here, employer points to testimony discussing SVCF's job offer, claimant's rejection of it, and contested facts about whether the offer was for a position different from claimant's original job—but because employer never argued at the hearing that claimant "failed without good cause" to accept the job offer or that the offer was for "suitable work," the cited testimony was not sufficient to preserve the argument. Moreover, the EAB, which viewed employer's written arguments and evidence as new, would likely be surprised by the arguments raised in employer's assignments of error. Therefore, employer failed to preserve the argument that ORS 657.176(2)(e) provides a basis for reversing the award of unemployment benefits in this case and accordingly, none of its three assignments of error are preserved.

We turn to employer's argument that the ALJ had a duty to develop the issues related to ORS 657.176(2)(e). Under ORS 657.270(3)(a),

> "[w]hen the claimant or the employer is unrepresented at the hearing, the administrative law judge shall explain the issues involved in the hearing and the matters that the unrepresented claimant or the employer must either prove or disprove. The administrative law judge shall ensure

that the record developed at the hearing shows a full and fair inquiry into the facts necessary for consideration of all issues properly before the administrative law judge in the case."[2]

The "duty to inquire fully into the matters at issue is simply a requirement that relevant evidence does not go unpresented because of the ignorance or inexperience of a party." *Dennis v. Employment Div.*, 302 Or 160, 166, 728 P2d 12 (1986). In making a full and fair inquiry, the ALJ is not required to "cast aimlessly for evidence"; rather, the "necessary inquiry should be apparent from the nature of the proceedings and the evidence adduced." *Id.* That duty means that the ALJ must explain the issues involved and the matters which the party must either prove or disprove. *Willamette Graystone, Inc. v. Hammond*, 151 Or App 561, 566, 951 P2d 166 (1997). The ALJ also must ensure that the "record developed at the hearing shows a full and fair inquiry for consideration of *all issues properly before* the referee in the case." *Id.* (Emphasis added.) The ALJ, then, must make sure that the record is developed with respect to issues before the ALJ, however, this does not mean that the ALJ has a duty to pursue all legal issues that a party could potentially argue.

Under the circumstances presented here, the ALJ was under no obligation to introduce an ORS 657.176(2)(e) analysis when employer failed to develop a number of the issues that would apply to such an analysis, such as the relationship between employer and SVCF, its legal significance with regard to claimant's obligation to accept the job offer, whether the job was suitable work, whether good cause existed for refusing the offer, and whether the statute requires an employee to accept an offer from either her existing employer or a third-party employer while currently employed. None of those issues were addressed at the hearing, and it was not the ALJ's job to introduce them.

---

[2] Under ORS 657.270(3)(b), "'unrepresented' means the claimant or the employer is not represented by an attorney, paralegal worker, legal assistant, union representative or person otherwise qualified by experience or training." Employer was represented by SVCF's Vice-President of Human Resources, the Chief Financial Officer, and the Human Resources Generalist. In entertaining employer's argument about the ALJ's obligations, we express no opinion on whether experienced executives and human resource management would qualify as "otherwise qualified by experience or training."

In *Wahlgren v. DMV*, 196 Or App 452, 102 P3d 761 (2004), we rejected a similar argument concerning the ALJ's duty to preserve issues for appeal. In *Wahlgren*, petitioner contended that, "even if ordinary preservation rules otherwise apply," the ALJ in the case had an "independent obligation" to preserve meritorious issues that the petitioner was attempting to assert on appeal. *Id.* at 458. We rejected that argument and determined that although an ALJ may have an obligation to assist a litigant in following up on potentially favorable lines of factual inquiry, that duty does not remove a party's obligation to raise issues for preservation purposes. *Id.* at 459. Likewise here, the ALJ did not have an independent obligation to develop an alternative ORS 657.176(2)(e) analysis and preserve it for appellate review.

Affirmed.