*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted August 23, reversed and remanded September 27, 2023

Karen L. RICHARDS,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and NORTHWEST RHEUMATOLOGY ASSOCIATES PC,
*Respondents.*

Employment Appeals Board
2022EAB0270; A178681

Bernard R. Mazaheri and Mazaheri & Mazaheri filed the brief for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent Employment Department.

No appearance for respondent Northwest Rheumatology Associates PC.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Claimant seeks judicial review of an order of the Employment Appeals Board (EAB) upholding employer Northwest Rheumatology Associates' denial of her claim for unemployment compensation. EAB determined that claimant was disqualified under ORS 657.176(2) from receiving unemployment benefits because she was discharged from her position for misconduct, specifically for refusing to comply with employer's expectations that she either become vaccinated against COVID-19 or agree to safety requirements, including weekly PCR nasal swab testing. Claimant asserted that she had sincerely held religious beliefs that prevented her from receiving a COVID-19 vaccine or submitting to nasal swabs that used ethylene oxide for sterilization. The EAB order does not address whether claimant's refusal to comply was based on a sincerely held religious belief.

We review EAB's factual findings for substantial evidence in the record and its legal conclusion for errors of law. ORS 183.482(8); *Marella v. Employment Dept.*, 223 Or App 121, 123, 194 P3d 849 (2008), *rev den*, 346 Or 65 (2009). Claimant argues that EAB erred in failing to consider whether her actions were protected by the United States and Oregon Constitutions. The state concedes that EAB erred in failing to analyze the constitutional arguments or make factual findings necessary to resolve them, and that the order therefore is not supported by substantial evidence or substantial reason. We agree with and accept the concession.[1] *See Lavelle-Hayden v. Employment Dept.*, 326 Or App 490, 498-99, 533 P3d 75 (2023) (noting federal and state protections against disqualification for unemployment benefits when discharge from employment is the result

---

[1] Claimant also asserts that EAB erred in specifically finding that she was terminated for refusing the nasal swab. The EAB order notes that employer had granted claimant an exception to the vaccination requirement based on religious grounds, and that claimant's refusal of the nasal swab testing was the "proximate cause" of her discharge. However, the order also states: "[T]he employer discharged claimant because she refused to comply with the employer's expectations that she either become vaccinated against COVID-19 by October 18, 2021 or, in the alternative, remain unvaccinated but agree to the employer's safety requirements." In light of that arguable ambiguity, and because we are remanding for EAB to evaluate the constitutional issues involved, EAB can clarify its factual findings on remand.

of a worker adhering to a sincerely held religious belief and remanding an EAB decision that did not address and analyze those issues).

Reversed and remanded.