No. 704 October 2, 2024 351

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
Chris Barreras,
*Claimant.*

SEDGWICK CMS,
*Petitioner,*

*v.*

Chris BARRERAS,
*Respondent.*

Workers' Compensation Board
2100833, 2005496;
A178529

Argued and submitted October 23, 2023.

Rebecca A. Watkins argued the cause for petitioner. Also on the briefs was SBH Legal.

Betsy Wosko argued the cause for respondent. Also on the brief was Welch, Bruun & Green.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner seeks judicial review of a Workers' Compensation Board (board) order on review affirming an administrative law judge (ALJ) order. In two assignments of error, petitioner contends that the board erred when it concluded that claimant met the statutory definition of a "worker" and that an employment relationship existed. As explained below, we affirm.

"We review an agency's order in a contested case for errors of law, ORS 183.482(8)(a), substantial evidence, ORS 183.482(8)(c), and substantial reason[.]" *Dorn v. Teacher Standards and Practices Comm.*, 316 Or App 241, 243, 504 P3d 44 (2021). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). "Substantial reason exists where the agency has articulated a rational connection between the facts and the legal conclusion that the agency draws from them." *Dorn*, 316 Or App at 243 (internal quotation marks omitted).

A detailed recitation of the facts in this case would not benefit the bench, the bar, or the public. According to claimant, he had transported horses for employer—his mother's business—for more than a decade when his mother directed him to transport horses from California to Oregon in March 2020. While driving employer's vehicle to California, claimant was injured in a collision.

After petitioner denied claimant's claim, claimant and his mother testified at the administrative hearing and several exhibits were entered into evidence. The ALJ determined that claimant was a subject worker, not an independent contractor, and the board adopted and affirmed the ALJ's order. Petitioner then sought judicial review.

*"Worker" under ORS 656.005(30).* In its first assignment of error, petitioner argues that the board "erred in determining that claimant met the definition of a worker" under ORS 656.005(30) (2019), *amended by* Or Laws 2021, ch 257,

§ 1; Or Laws 2022, ch 6, § 5; Or Laws 2023, ch 87, § 2.[1] We disagree.[2]

Under ORS 656.005(30), a "worker" is "any person *** who engages to furnish services for a remuneration, subject to the direction and control of an employer." To determine whether a claimant is subject to an employer's "direction and control," we apply the "right to control" and the "nature of the work" tests. *SAIF v. DCBS*, 250 Or App 360, 364, 284 P3d 487 (2012).[3]

As an initial matter, we disagree with petitioner's argument that the board "failed to apply" the two tests and "did not address all factors or consider all facts." We considered a similar argument in *DCBS v. Clements*, 240 Or App 226, 232, 246 P3d 62 (2010). After noting the petitioner's argument that "the ALJ simply 'failed to consider the first element' of the statutory test," we explained:

---

[1] All statutory references in this nonprecedential memorandum opinion are to the 2019 versions of the statute. *See* ORS 656.202(2) ("[P]ayment of benefits for injuries or deaths under this chapter shall be continued as authorized, and in the amounts provided for, by the law in force at the time the injury giving rise to the right to compensation occurred.").

[2] At the outset, we reject petitioner's argument that the board "unreasonably failed to make a necessary credibility assessment of competing testimony." We have previously determined that express credibility determinations are not required "when a claimant's testimony is contradicted by other evidence on which the referee based the findings." *Bird v. Employment Division*, 90 Or App 404, 406, 752 P2d 1239 (1988). That is so, because "[t]he inference under such circumstances is clear: The claimant's testimony was not believed, and no explanation is necessary." *Id*. Here, the record contained competing testimony on the key issues and the board's findings demonstrate that it credited claimant's testimony over his mother's. The record is sufficient to support the board's findings and express credibility determinations were not necessary. *See Sen v. Employment Dept.*, 218 Or App 629, 633, 180 P3d 95 (2008) (concluding that "express credibility findings are only necessary when a reviewing court would not otherwise be able to find support in the record for the referee's decision" (internal quotation marks omitted).).

[3] "The 'right to control' test has four factors: (1) direct evidence of the right to, or exercise of, control; (2) the furnishing of tools and equipment; (3) the method of payment; and (4) the right to fire." *DCBS v. Clements*, 240 Or App 226, 234, 246 P3d 62 (2010) (internal quotation marks omitted). "Factors relevant to the 'nature of the work' test have included considerations such as whether the work done is an integral part of the employer's regular business and whether the individual, in relation to the employer's business, is in a business or profession of his or her own." *Rubalcaba v. Nagaki Farms, Inc.*, 333 Or 614, 619 n 2, 43 P3d 1106 (2002).

"[W]e are not persuaded that the ALJ failed to consider the first part of the test. The ALJ's order recites the relevant text of the statute and, following that recitation, discusses whether there is evidence of [remuneration] *** That discussion occurs within a broader discussion of the 'right to control,' but we are nonetheless satisfied that the ALJ understood the applicable statute, applied the proper test in determining whether claimant was a 'worker,' and determined—implicitly, at the very least—that claimant and [the employer] agreed that claimant would provide services for remuneration."

*Id.* at 232-33. Similarly, in this case, although the board did not analyze separately each factor of the "right to control" and "nature of the work" tests, the order nevertheless demonstrates that the board understood the applicable statute and applied the proper tests. That is adequate. *See id.*

    In addition to broadly challenging the board's application of both tests, petitioner specifically disputes the board's finding that employer had the "right to fire" claimant because it "unreasonably interpreted" a contract term and otherwise "dismissed the contract without any assessment of its terms." We disagree. Even though the contract could be viewed to support petitioner's position, petitioner acknowledges that the board also considered other evidence in making its finding. Under our standard of review, we "[do] not review for the better evidence[;] *** substantial evidence review does not entail or permit the reviewing tribunal to reweigh or to assess the credibility of the evidence that was presented to the fact-finding body." *Gaylord v. DMV*, 283 Or App 811, 822, 391 P3d 900 (2017) (internal quotation marks omitted). Because the record, when viewed as a whole, permits a reasonable person to find that employer had the right to fire claimant, substantial evidence supports that finding. *See Elsea v. Liberty Mutual Ins.*, 277 Or App 475, 484, 371 P3d 1279 (2016) ("If the board's finding is reasonable in the light of countervailing as well as supporting evidence, then the finding is supported by substantial evidence.").

    Having reviewed the record, we conclude that substantial evidence and substantial reason support the board's determination that claimant was subject to employer's direction and control. The board did not err when it concluded

that claimant met the definition of a "worker" under ORS 656.005(30).

*Independent contractor.* In its second assignment of error, petitioner argues that the board "erred in finding an employment relationship rather than an independent contractor relationship." In particular, petitioner asserts that the board "inaccurately applied" the independent contractor factors under ORS 670.600(2) and that its findings were not supported by substantial evidence. We disagree.

To qualify as an independent contractor, a person must, among other statutory criteria, "customarily engage[] in an independently established business." ORS 670.600(2)(b); *Whitsett v. Employment Dept.*, 251 Or App 699, 701, 284 P3d 594 (2012) ("The statutory criteria are conjunctive; a person is not considered an 'independent contractor' unless each is met."). "Further, for purposes of ORS 670.600(2)(b), a person is considered to be 'customarily engaged in an independently established business' if any three of the * * * requirements [of ORS 670.600(3)] are met[.]" *Whitsett*, 251 Or App at 701.

Here, the board found that four requirements of ORS 670.600(3) "weigh[ed] strongly against the suggestion that claimant had an independent business" and that one requirement was "mixed." After making findings concerning those requirements, the board emphasized that claimant transported horses for employer "150-180 hours per month. In other words, this was a full-time job." As a consequence, the board determined that claimant was not engaged in an independently established business.

We have reviewed the record and conclude that the facts found by the board support its legal conclusions. *See id.* at 703 (explaining that "even if we were to consider [the] petitioner entitled to every plausible inference from the record," the individual failed satisfy three requirements of ORS 670.600(3)). The board did not err when it concluded that claimant was a subject worker, not an independent contractor. *See id.* ("Because [the] petitioner did not establish that [the individual] satisfied three of the five factors set forth in ORS 670.600(3), [the] petitioner failed to demonstrate that [the individual] customarily engaged in an independently

established business. Therefore, the services \*\*\* were performed by an employee, not an independent contractor[.]").

Affirmed.