Argued and submitted May 9, reversed and remanded October 1, 1997

In the Matter of the Compensation of
Joseph S. Baggett, Claimant.

Joseph S. BAGGETT,
*Petitioner,*

*v.*

THE BOEING COMPANY
and AETNA Casualty Co.,
*Respondents.*

(WCB 92-13133; CA A95217)

945 P2d 663

Nicholas M. Sencer argued the cause for petitioner. With him on the brief was Pozzi Wilson Atchison.

Jerald P. Keene argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board that established his permanent disability award. The Board held that the proper date for determining the Specific Vocational Preparation (SVP) component of the education component of rating his unscheduled permanent disability is the date of the original determination order, not of the subsequent order on reconsideration. In reaching that conclusion, the Board followed the applicable rule. *Former* OAR 436-35-300.[1] Because we conclude that that portion of the rule is contrary to the relevant statute, we reverse.

A claimant or employer who objects to a determination order must first request reconsideration. ORS 656.268-(5)(b). On reconsideration, the claimant or employer may correct erroneous information and submit certain medical evidence; the department may also require additional medical or other evidence. ORS 656.268(6)(a), (b).

A party who objects to the reconsideration order may request a hearing. ORS 656.268(6)(f). After reconsideration, however, no additional medical evidence is admissible for the purpose of making findings on impairment. ORS 656.268-(7)(g). Any other evidence concerning the worker's impairment that was not submitted on reconsideration is not admissible at the hearing, and no party may raise any issue that was neither raised on reconsideration nor arises out of the reconsideration order. Evaluation of the worker's disability shall be as of the date of the issuance of the reconsideration order. ORS 656.283(7).

The statutes, thus, tie both the evidence and the substantive issues at the hearing to what occurred on the reconsideration of the original determination order rather than on

---

[1] SVP is based on the job or jobs that the worker has held within the previous five years. *Former* OAR 436-35-300(3). The lower the skill level of the job, the greater the SVP value and, thus, the greater the award of compensation. In this case, if the applicable period is measured from the determination order, the value for the education factor derived from SVP will be 1; if it is measured from the order on reconsideration, the value will be 4. In the first case, claimant will receive total unscheduled disability of 43 percent; in the second, after correcting a scrivener's error, he will receive 55 percent.

the issuance of the order itself. In contrast, *former* OAR 436-35-300(3) tied the determination of the value of SVP to the "time of determination," which *former* OAR 436-35-005(12) defined as the mailing date of the determination order.[2] In *Safeway Stores, Inc. v. Smith*, 122 Or App 160, 857 P2d 187 (1993), we held that ORS 656.283(7) was unambiguous and required that the adaptability factor be rated as of the date of the reconsideration order. We see no reason to reach a different conclusion as to the SVP aspect of the education factor and therefore hold that *former* OAR 436.35-300(3) was invalid to the extent that it provided a different date for determining SVP.

The Board held that the rule was valid because of the director's authority under ORS 656.726(3)(f) to establish standards for evaluating disabilities and of the requirement in ORS 656.283(7) that the ALJ and the Board apply the director's rules. It distinguished between the date for assigning an SVP value and the date for evaluating the claimant's disability.

We do not see the distinction that the Board saw. The SVP value is an essential part of evaluating the disability. As we held in *Safeway Stores, Inc.*, the statute is unambiguous. The time for rating permanent disability is an exact term that is not subject to administrative alteration. A rule that purports to alter it is, to that extent, not valid. *See England v. Thunderbird*, 315 Or 633, 848 P2d 100 (1993) (rules that worker who returned to worker's usual work could not have age, education, or adaptability considered in determining permanent loss of earning capacity were contrary to statutory directive and therefore invalid).

ORS 656.726(3)(f) requires the Board to apply the director's standards; it does not require the Board to apply those standards as of a time that is contrary to the time that the statutes established. The legislature has provided a time certain, the date of the order on reconsideration, for that purpose. The director cannot, by rule, change that time certain

---

[2] The current rules use different terms to reach the same result. *See* OAR 436-035-0300(3); OAR 436-035-0005(15).

as to SVP any more than he or she could as to any of the other factors that are part of determining the extent of disability.

Employer argues that rejecting the director's rules as to the time of determination could lead to anomalous results. It posits that a claimant who had a skilled job almost five years before the determination order might seek reconsideration of the order solely to extend the time of determination, thus ensuring that that job would not factor into the ultimate determination of disability. Employer fails to note that, in the same way, an employer could seek reconsideration because it knew that a claimant had taken a skilled job after issuance of the determination order and could thereby reduce a claimant's award. Either result is the necessary consequence of the legislative decision to establish a precise time for determining the extent of disability. That policy decision is within the legislature's authority and the director cannot change it, by rule or otherwise.

Reversed and remanded.