Argued and submitted June 6, affirmed October 17, 2001

In the Matter of the Compensation of
Barry P. Veselik, Deceased, Claimant.

Judy VESELIK,
*Petitioner,*

*v.*

SAIF CORPORATION
and Ceramic Art Tile,
*Respondents.*

98-06424; A109168

33 P3d 1007

James S. Coon argued the cause for petitioner. With him on the briefs was Swanson, Thomas & Coon.

Jerome Patrick Larkin argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges

EDMONDS, P. J.

## EDMONDS, P. J.

Petitioner, the wife of deceased claimant Barry Veselik, seeks judicial review of a determination of the Workers' Compensation Board (Board) that reversed claimant's award for permanent total disability (PTD) benefits. Petitioner argues that ORS 656.283(7) is unconstitutional on its face and that the Supreme Court's decision in *Koskela v. Willamette Industries, Inc.*, 331 Or 362, 15 P3d 548 (2000), compels reversal of the Board's decision. Because the record demonstrates that petitioner does not make the same argument to us on review that she made to the Board, we affirm.

Claimant was a tile-setter who suffered a compensable lower back injury on February 28, 1989. The employer's insurer, SAIF, accepted his claim and began to pay benefits to claimant. Claimant had a number of surgeries on his back but continued to have back pain and limited use of his back. He eventually developed clinical depression, a claim that was also accepted by SAIF. After a hearing in 1994, claimant was declared permanently and totally disabled, and SAIF did not appeal that ruling.

In 1996, SAIF requested reevaluation of the permanent total disability award. ORS 656.206(5) (1995). In October 1997, the Appellate Review Unit affirmed the award. Claimant committed suicide in January 1998, and by operation of ORS 656.204 petitioner acquired claimant's entitlement to his benefits. After claimant's death, but within the 180-day appeal period, SAIF requested reconsideration by the hearings division of the appellate reviewer's decision.

In response to SAIF's request for reconsideration, petitioner argued to the administrative law judge (ALJ) that "this case presents the same issue that the Court of Appeals recently addressed in *Koskela v. Willamette Industries, Inc.*, 159 Or App 229[, 978 P2d 1018] (1999)." She asserted:

> "In the *Koskela* case, the Court of Appeals *en banc*, found that the procedure provided in ORS 656.283(7), which bars evidence that was not submitted at Reconsideration from being considered at the ALJ hearing, did not deprive the claimant of his due process rights in a permanent total disability hearing. The basis for claimant's

attack on the statute in that case was the lack of a trial type hearing at any point in the PTD determination process. The court, in holding that the statute provided due process protections that were constitutionally sufficient, held that the claimant is free to produce affidavits and medical and vocational reports, including any responses to documentation submitted by the opposing party."

In her brief to the ALJ, petitioner included the following excerpt from *Koskela,* 159 Or App at 234:

"The Fourteenth Amendment provides that no state shall 'deprive any person of life, liberty or property without due process of law.' The question of what process constitutionally is due involves three inquiries: (1) whether the person invoking the due process claim has a constitutionally protected interest in the particular benefit at stake; (2) whether deprivation of that interest involves government action; and (3) whether the procedures used or available are constitutionally adequate."

She then continued:

"The third issue remains: Are the administrative procedures provided by Oregon law to determine a claimant's entitlement to PTD benefits constitutionally adequate? Under the circumstances of this case, the answer is no.

"ORS 656.283(7) unambiguously states that valuation of a worker's disability by the ALJ shall be as of the date of issuance of the Reconsideration Order. *See Joseph Baggett v. The Boeing Company,* 150 Or App 269[, 945 P2d 663] (1997). Because the claimant died on January 2, 1998, the claimant was precluded from doing any of the following to establish his ongoing entitlement to permanent total disability:

"(1) He was unable to submit an affidavit outlining any of the relevant facts regarding a finding of permanent total disability;

"(2) He was unable to undergo an updated physical capacities exam that would demonstrate his current physical capabilities;

"(3) He was unable to get in to see his treating doctor, Dr. Aversano, to review with him his current physical capacities or explain any aspect of the video tapes that are relied on so heavily by the SAIF Corporation;

"(4)   He was unable to meet with a vocational counselor to get an updated vocational assessment;

"(5)   He was unable to seek any of the jobs that are listed in the vocational reports submitted by the SAIF Corporation to see whether or not he could obtain any of the jobs;

"(6)   He was unable to meet with his treating psychiatrist for an updated medical report on his condition;

"(7)   He was unable to assist his attorney in preparing any aspect of his case including, potentially, cross-examination of the SAIF Corporation's medical, psychological and vocational experts.

"Since the claimant has been precluded from submitting evidence and his extent of disability cannot be rated 'at the time of the Reconsideration Order,' what is the correct solution?

"In order to salvage the constitutionality of the statute in this situation, one solution is to simply hold that where a claimant dies while under a valid Order of permanent total disability, even if that Order is subject to appeal, the Order effectively becomes final at the time of claimant's death. In this manner, all of the procedural difficulties that claimant outlines above would be avoided.

"\* \* \* \* \*

"An alternative approach would be to find that the statute, under the facts of this case, does not provide sufficient due process protection for claimants. If the ALJ, the Board, and eventually, the Court of Appeals makes such a finding, what would be the practical solution? How could a person who is clearly not available assist in developing the record at any level? \* \* \* The claimant believes that the practical solution should be the same as the alternative offered above, that is, the Determination Order awards a claimant permanent total disability and becomes final on the claimant's death even where the SAIF Corporation is still within its appeal period.

"Since his disability cannot be rated 'at the time of the reconsideration proceeding' in a manner that is consistent with due process, it should be found that the SAIF Corporation's appeals rights died with the claimant."

As is evident, petitioner did not ask for a hearing at which to present additional evidence. The only relief that she sought was the legal termination of SAIF's right of appeal at the time of the death of claimant.

SAIF responded to claimant's argument:

"The complaint that claimant presents with the process is not about a flaw in the process, but in the fact that he has problems producing the evidence that he would like to use to defend his case in the process. Claimant confuses process with persuasive evidence. *Koskela* sets out the process that would be necessary to afford due process to the parties, and that process was in place at the time of the reconsideration proceeding and order."

The ALJ reversed claimant's permanent total disability award. His order said:

"Even though claimant passed away before the reconsideration process was completed, his representatives and heirs were not precluded from following and engaging in the procedures provided for in the process. Obviously, no affidavit from claimant himself could have been submitted, but affidavits as to relevant facts concerning his capacities and so forth could have been submitted by family, friends, or others with direct knowledge. In terms of other evidence, obviously claimant could not obtain new exams or evaluations where he needed to be present, but he was not precluded from obtaining additional medical or vocational evidence to support his position. In fact, claimant did obtain evidence from Dr. Aversano, exhibit 94, although it was not particularly helpful to claimant's position. Ultimately, as the insurer argues, claimant's death during the reconsideration proceeding did not deprive him of due process rights. He continued to have the same rights that the *Koskela* court found were adequate to satisfy due process concerns. Rather, his death made it more difficult to use that process. That would have been the same situation had claimant been entitled to a full evidentiary hearing in this matter, which was the type of process demanded by the claimant in *Koskela*, the process which the Court of Appeals found was not due."

Petitioner sought Board review of the ALJ's order, and the Board adopted the ALJ's order and opinion in its entirety. Petitioner seeks judicial review from that order.

On review, petitioner's entire argument in her initial brief is that:

> "Claimant adopts and incorporates the rationale of the dissenting opinions and claimant's briefs in *Koskela*. Claimant recognizes that this court's decision in *Koskela* requires that her argument be rejected and the decision below affirmed. Claimant has brought this appeal to preserve her rights in the event that the Supreme Court reverses this court's decision in *Koskela*. Claimant has no arguments to present beyond those articulated in the dissenting opinions in *Koskela* and by claimant in that case."

After the briefs in this case were filed, the Supreme Court rendered its decision in *Koskela,* holding that "[t]he post-1995 statutory scheme for assessing whether a worker should receive PTD benefits fails to satisfy procedural due process requirements," because "[a]t no stage of the process is the worker afforded any opportunity to have an oral evidentiary hearing." *Koskela,* 331 Or at 382. The court observed that, under the statute, the worker has the burden of proving total disability and reasoned that, "[b]ecause the worker does not have the opportunity to make a meaningful record on elements of proof that are necessary for the worker to meet the burden of proof and persuasion," the statutory process did not meet due process standards. *Id.*

In a supplemental brief submitted after the Supreme Court's decision, petitioner argues further:

> "The Supreme Court in *Koskela* declared unconstitutional 'the post-1995 statutory scheme for assessing whether a worker should receive an award of PTD benefits.' 331 Or at 382. The part of ORS 656.283(7) to which the court referred was the part that limits the evidence at a workers' compensation hearing to the written evidence presented at reconsideration. 331 Or at 374-75. The result of the Supreme Court's *Koskela* decision is that the language in ORS 656.283(7) limiting hearing evidence to evidence presented at reconsideration is void and of no further effect. Without that language, claimant was entitled to present live testimony at hearing and to present evidence beyond what he presented at the reconsideration level."

SAIF counters that the issue that petitioner now raises on review was not preserved under ORAP 5.45[1] and that the "no new evidence in reconsideration hearings" rule of ORS 656.287(7) was not applied to petitioner's claim so as to prevent her from offering additional evidence at the hearing before the ALJ.

■    We turn first to SAIF's argument that the issue that petitioner raises on review is not the same issue that she raised to the ALJ. We find no suggestion in petitioner's argument to the ALJ that this court erred in ruling in *Koskela* that ORS 656.283(7) was constitutional on its face. Rather, petitioner relied on our implicit holding in *Koskela* that the statute could be constitutionally applied.[2] Petitioner's specific argument to the ALJ was that the statute was unconstitutional when applied to claimant's circumstances, because claimant's death had cut off his ability to present additional evidence to the ALJ. It followed, according to petitioner's argument, that ORS 656.283(7), as interpreted by this court, could be constitutionally applied to claimant only if SAIF was precluded from appealing to the hearings division. Significantly, petitioner did not argue that due process entitled her to a hearing; instead, she argued that her due process rights would be violated if any further evidentiary hearings were held.

■■    On review, and in contrast to the above issue, petitioner adopted the claimant's argument in *Koskela* and the dissents' reasoning in this court's decision in *Koskela*. The claimant in *Koskela* made a facial challenge to the constitutionality of ORS 656.283(7), arguing that it could not be applied constitutionally in any case because its limitation on new evidence, when combined with the statutory scheme,

---

[1] ORAP 5.45(4)(a) provides, in part:

"Each assignment of error shall demonstrate that the question or issue presented by the assignment timely and properly was raised and preserved in the lower court."

[2] The concurring opinion in this court's decision in *Koskela* asserted:

"ORS 656.283(7) meets general due process standards. That does not mean, in my view, that in a particular case, a claimant could not make a successful 'as applied' challenge if denied the ability to meaningfully controvert an adverse credibility finding after the reconsideration process and if denied the protection of the statute." *Koskela,* 159 Or App at 251-52 (Edmonds, J., concurring).

prevented claimants from having a fair adjudicative hearing. In our resolution of *Koskela*, Judges De Muniz and Wollheim dissented:

> "The majority appears to hold that due process is satisfied because, in its view, PTD determinations turn mainly on medical facts and that written submissions generally used at the reconsideration phase are a meaningful way to present such facts. However, workers seeking PTD benefits also have the additional burden of proving a willingness to work and that they have made a reasonable attempt to obtain employment. The burden of proof that a worker must carry on those issues will, for the most part, turn on an evaluation of the worker's credibility. In the context of the workers' compensation system, that kind of evaluation should be made only in an adjudicative hearing. * * * I dissent because denying injured workers an adjudicative hearing in which an ALJ evaluates all of the evidence, including the worker's demeanor and veracity, violates the worker's right to due process." 159 Or App at 252 (De Muniz, J., dissenting).

ORAP 5.45(4)(a) provides that,

> "Each assignment of error shall demonstrate that the question or issue presented by the assignment timely and properly was raised and preserved in the lower court."

The preservation requirements of ORAP 5.45 for court cases apply with as much force in the administrative arena. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 643-44 n 5, 20 P3d 180 (2001); *Marvin Wood Products v. Callow*, 171 Or App 175, 184, 14 P3d 686 (2000). Here, the question or issue raised before the Board was whether SAIF's appeal rights should be cut off because of claimant's death, in light of the necessity of applying ORS 656.283(7) in a constitutional manner. The issue raised by petitioner on judicial review is a facial challenge to the constitutionality of the statute. Under petitioner's argument to the Board, no hearing for additional evidence would have occurred, had the Board ruled as she requested. Her argument to us asserts the right to present additional evidence. Thus, the positions that she

took below and to us are qualitatively different. Consequently, we decline to review petitioner's assignment of error under ORAP 5.45.[3]

Affirmed.

---

[3] We also agree with the Board's postulation that the subsequent declaration of the unconstitutionality of ORS 656.283(7) would not result in the termination of SAIF's appeal rights.