Submitted May 7, affirmed June 16, 2021

## SENVOY, LLC,
*Petitioner,*

*v.*

## EMPLOYMENT DEPARTMENT,
*Respondent.*

### Employment Department
2019UIT00530; A171877

494 P3d 1034

On judicial review of a final order of the Employment Department, regarding seven years of unemployment tax assessments, petitioner claims that the administrative law judge (ALJ) failed to resolve two key disputes: whether mileage reimbursements paid to employees should be included in the tax assessments, and whether certain employees who drove exclusively outside the state should be included in the tax assessments. The department responds that petitioner invited the alleged error or, at the least, failed to preserve the claim of error. The department points to a stipulation put on the record on the second day of the hearing and petitioner's failure to correct any alleged misunderstanding that the ALJ had about that stipulation. *Held*: Petitioner did not adequately preserve its claim of error. Although the record is not entirely clear as to petitioner's subjective intentions regarding the stipulation, the ALJ clearly stated his understanding that the parties were stipulating to the amount of unemployment taxes owed and that, consequently, he did not need to address the mileage-reimbursement or out-of-state-driver issues. Having failed to alert the ALJ to any error in his understanding, petitioner cannot now claim reversible error.

Affirmed.

Charles J. Paternoster, Erin N. Dawson, and Parsons Farnell & Grein, LLP, filed the brief for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Aoyagi, Judge, and Sercombe, Senior Judge.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

Petitioner Senvoy, LLC, seeks judicial review of a final order of the Employment Department, affirming multiple unemployment tax assessments. Because we conclude that Senvoy's claim of error was not properly preserved, we affirm.

The department issued assessments to Senvoy for unpaid unemployment taxes for the years 2011 through 2017 (the Audit Period). At Senvoy's request, a hearing was held before an administrative law judge (ALJ). The parties stipulated to certain matters before evidence was taken, including that Senvoy's delivery drivers were employees, not independent contractors. According to Senvoy, that "left only two remaining issues for the hearing: (1) whether the taxable wages attributed to Senvoy for the Audit Period should exclude amounts paid to drivers attributable to mileage reimbursement; and (2) a small number of drivers whom Senvoy contended should not have been included in the Audit Period as they did not provide delivery services in the State of Oregon."

Senvoy argues that the ALJ committed reversible error by failing to address either the mileage-reimbursement issue or the out-of-state-driver issue in the final order. Instead, the final order states that the parties stipulated to the amount of wages subject to unemployment taxation, and it treats application of the correct interest rate as the only substantive issue remaining for resolution. The final order requires Senvoy to pay $550,725 in unemployment taxes and $526,144 in interest for the relevant years.

The department responds that Senvoy invited the alleged error or, at a minimum, failed to preserve its claim of error. In particular, the department points to a stipulation put on the record on the second day of the hearing and Senvoy's subsequent failure to correct any alleged misunderstanding that the ALJ had about that stipulation.

We agree with the department that Senvoy did not adequately preserve its claim of error. There is no precise formula for preservation, but the essential tenet is that "a party must provide the trial court with an explanation of

[its] objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately." *State v. Vanornum*, 354 Or 614, 632, 317 P3d 889 (2013) (internal quotation marks omitted). Preservation requirements apply with equal force in the administrative arena. *Veselik v. SAIF*, 177 Or App 280, 288, 33 P3d 1007 (2001), *rev den*, 334 Or 121 (2002).

On the first day of the hearing, the parties told the ALJ that they had reached agreement on a number of issues, leaving the mileage-reimbursement and out-of-state-driver issues as the two remaining issues for hearing. Senvoy then put on evidence about those two issues.

At the start of the second day of the hearing, the parties advised the ALJ that they had reached a stipulation regarding the amount of wages subject to taxation. The witness who prepared the relevant exhibit—Exhibit A31, which listed the amount of subject wages and resulting taxes for each quarter of the seven-year period—testified that the exhibit reflected "the wage totals and assessment amounts agreed to by the parties." After the witness finished testifying, the ALJ asked Senvoy's counsel if Senvoy was prepared to stipulate to the facts in the exhibit. Counsel responded:

> "For the most part, Your Honor, and I think what we don't stipulate to the court can decide as the matter of the law, meaning I think we stipulate—gee, I hit a button and it disappeared—but I think we stipulate to everything but the last three columns on the right, which is the interest calculation amount due and adjusted total. I didn't quite hear testimony and have an understanding of how that operates as a matter of law, but when it comes to everything else to the left, the original assessments, the taxable wage, the revised taxable, the adjustments, we stipulate to those numbers subject to the caveat we've already made about the evidence you heard yesterday."

Senvoy did not elucidate what it meant by the "caveat" statement. More importantly, the ALJ made clear that he did not understand that remark to mean that, notwithstanding the newly agreed stipulation, Senvoy still expected the ALJ to decide the same two issues that had

been identified a day earlier as the only issues remaining in dispute. The ALJ unambiguously expressed his understanding of the stipulation and sought to confirm that the only remaining issue for him to decide was the amount of interest owed on the stipulated amounts. Specifically, almost immediately after Senvoy made the above statement, the ALJ asked, "[A]s presented, this document was an attempt to come up with a final set of numbers that fixed [Senvoy's] liability, tax liability in this case. And so the only part of this that you're not stipulating to is the interest calculation?" Senvoy's counsel answered, "Correct."

There was then some discussion of Senvoy's position on the interest rate. During that exchange, despite having just affirmed the ALJ's understanding of the stipulation, Senvoy made another brief but unclear reference to other issues, saying, "And so I think the only thing left to decide, except for what the court heard yesterday with one or two issues, is what is the interest calculation on those numbers." The ALJ asked the department if it also understood that the parties were stipulating "to the taxable wage amounts and resulting tax, as reflected in [Exhibit] A31." The department's counsel implicitly agreed, saying only that she had not realized that Senvoy was not agreeing to the department's interest calculations.

The parties next discussed some loose ends related to exhibits. The ALJ commented that he had reviewed the federal regulations on mileage reimbursement before the hearing, in anticipation of having to adjudicate that issue, but that he no longer needed a copy because "we're not really going to adjudicate it." The ALJ then expressly told the parties what the final order would look like, stating:

> "But aside from some generic or general findings, background findings, regarding [Senvoy's] business and business model, as testified to by Mr. Brazie yesterday, and the exhibits for the assessments at issue, *my findings are going to end up looking like just a series of numbers reflecting the stipulation of the parties regarding those amounts and some discussion regarding the interest calculation. Unless I'm missing something, I don't think I have to analyze the reimbursement issue here*, so. Again, I don't think that will be necessary."

(Emphasis added.) In response, the department's counsel thanked the ALJ, and Senvoy's counsel was silent. Shortly thereafter, the hearing concluded.

On this record, we cannot say with absolute certainty that Senvoy subjectively intended to stipulate to the amount of wages subject to unemployment taxation in the relevant years, leaving only the issue of interest for the ALJ. There are conflicting aspects of the record, as have been described, that create ambiguity on that point. But the relevant issue is not Senvoy's subjective intent. The ALJ clearly understood Senvoy to be stipulating to the final wage amounts in Exhibit A31, such that the ALJ no longer needed to address the mileage-reimbursement and out-of-state-driver issues. The ALJ was transparent about his understanding of the stipulation. To the extent that Senvoy disagreed with that understanding, Senvoy needed to alert the ALJ to that fact before the final order issued. It did not. On this record, even if Senvoy did not go so far as to invite error, it failed to preserve the claim of error that it now asserts on appeal.

Affirmed.