Submitted August 24, affirmed October 13, 2021, petition for review denied January 20, 2022 (369 Or 209)

In the Matter of H. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. L. J.,
*Appellant.*

Douglas County Circuit Court
20JU03019; A174919

501 P3d 82

    In this juvenile dependency case, mother appeals from a combined judgment of jurisdiction and disposition over her child, J. Following a hearing where mother was not present and the Department of Human Services (DHS) presented a *prima facie* case, the juvenile court concluded that J was within its jurisdiction under ORS 419B.100(1) because of mother's "fail[ure] to appear" as set forth in ORS 419B.815(7) and made J its ward. Mother appeared after the *prima facie* hearing had concluded, but before the court began to consider DHS's request for dispositional orders. She moved to set aside the court's order based on the findings in the *prima facie* hearing because "she wasn't aware of *** the status check." The court denied mother's request. On appeal, mother argues that she did not fail to appear under ORS 419B.815(7); and thus, the juvenile court erred in granting jurisdiction over J. DHS responds that her argument "is not preserved, and regardless, it fails on the merits." *Held*: Mother did not preserve the argument that she raises on appeal because it was not specific enough to alert the court to the precise issue she now raises such that the court could identify its alleged error with enough clarity and permit it to consider and correct the error immediately.

    Affirmed.

    Jason R. Thomas, Judge pro tempore.

    Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

    Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

    Before Powers, Presiding Judge, and Egan, Chief Judge, and Landau, Senior Judge.

EGAN, C. J.

Affirmed.

**EGAN, C. J.**

In this juvenile dependency case, mother appeals from the combined judgment of jurisdiction and disposition over her child, J. Following a hearing in which mother was not present, the Department of Human Services (DHS) presented a *prima facie* case. The juvenile court concluded that J was within its jurisdiction under ORS 419B.100(1) and made J its ward. *See* ORS 419B.815(7) ("If a person fails to appear *** the court may establish jurisdiction *** and may take any other action that is authorized by law including, but not limited to, making the child a ward of the court and removing the child from the legal and physical custody of the parent."). Mother appeared after the *prima facie* hearing had concluded, but before the court began to consider DHS's request for dispositional orders and moved to set aside the court's order based on the findings in the *prima facie* hearing. The juvenile court denied mother's request. On appeal, mother argues that she was not absent under ORS 419B.815(7); thus, the juvenile court erred in granting jurisdiction over J. DHS responds that her argument "is not preserved, and regardless, it fails on the merits." As we explain below, we agree with DHS that mother's argument is unpreserved, and, accordingly, we affirm.

We omit the factual background of the case, as it is not relevant in consideration of our resolution, and solely rely on the undisputed procedural facts. In May 2020, DHS filed a petition alleging that J was under the jurisdiction of the juvenile court pursuant to ORS 419B.100(1) and thereby in need of the juvenile court's protection through wardship for the following reasons:

"A.   The mother's substance abuse interferes with her ability to safely parent the child;

"B.   The mother's erratic, volatile behaviors interfere with her ability to safely parent the child;

"C.   The mother leaves the child with inappropriate care providers."

Mother denied those allegations, and the juvenile court set the matter for trial. In September 2020, the court conducted a hearing to reset the trial dates. After an extended

scheduling discussion with the parties, the court scheduled trial dates and stated, "All parties are commanded to appear." The court also scheduled a "call in trial readiness" for October 12, to "make sure that we're actually ready to go." The court again stated, "[a]ll parties present are commanded to appear."

On October 12, the court convened its trial readiness hearing. Mother was not present at the outset of the hearing. DHS moved the court to "engage in a *prima facie* hearing." In response, mother's attorney explained that mother had recently attended "a meeting last week at DHS" and asked not to initiate a *prima facie* hearing "for just a status check."

The court disagreed with mother's counsel and initiated the *prima facie* hearing. At the close of the DHS's evidence, the court ruled that DHS had proved all three of its allegations against mother that DHS had asserted for jurisdiction within its initial petition. The court then recessed the hearing with instructions to reconvene later that day to address DHS's request for dispositional orders.

After the recess, mother appeared in the courtroom with her attorney. At that point, the parties and the court engaged in the following colloquy:

"[MOTHER'S COUNSEL]:  *** [M]y client is here today. So we're asking that the Court not proceed with disposition and set aside the *prima facie,* if the Court has already found that the allegations have been proven, and set this for trial on Friday.

"THE COURT:   Well, the, the Court did go through the *prima facie* and found the three allegations proved. So at this point, I think we are at disposition.

"[MOTHER'S COUNSEL]:   Okay.

"* * * * *

"[DHS]:   I guess I would inquire of the mother as to why she, why she absented herself from, from the hearing this morning.

"THE COURT:   Okay. And that was kind of where I, I stopped myself because if there was going to be a motion

to set aside or something like that based on whatever it was, because otherwise, as to disposition, it really makes no, makes no matter. She is present for disposition.

"[MOTHER'S COUNSEL]:   Sure. And I mean we, we—

"* * * * *

"[MOTHER'S COUNSEL]:   —what we were asking for, it sounds like the Court was denying that motion, and it was to set that aside. But it, it sounds like the Court is, is denying that which to set it aside. But it, it sounds like the Court is, is denying that.

"THE COURT:   Well, the Court would need a basis on which to set it aside. And simply being present at the next hearing isn't really sufficient. What, what is the rationale?

"[MOTHER'S COUNSEL]:   My client is saying that she wasn't aware of the, the status check this morning at 8:15.

"* * * * *

"[DHS]:   —in fact she was notified of this date.

"THE COURT:   Well, and, and was ordered to appear—

"* * * * *

"THE COURT:   —at the last hearing. Yeah. That—

"* * * * *

"THE COURT:   —I, I forgot to come probably isn't gonna work. There are certain types of unavoidable delays, including even being arrested or whatever, that the Court has dealt with before where there was an unavoidable reason that the person couldn't be here but I, I forgot or I didn't remember to come isn't going to work in this case.

"THE COURT:   So I guess in, in short answer, yes. I am denying the motion, at this point, to set aside the judgment for that reason. Yeah."

After that colloquy, the court received DHS's court report and addressed the parties' arguments about potential dispositional orders. After hearing arguments from DHS and mother's counsel, the court found that "based on the findings of jurisdiction, the child will remain a ward of the Court" and then granted "legal custody and guardianship

of the child to DHS for care, placement and supervision in substitute care." Mother initiated this timely appeal.

On appeal, mother argues that the juvenile court erred in ruling that mother failed to appear at the hearing, and, for that reason, erred in ruling that J was within its jurisdiction and making J its ward. DHS responds that mother's claims of error are not preserved. We begin by addressing DHS's preservation argument, as the resolution of that argument is decisive, and given our conclusion, we decline to address mother's assignments of error.

"There is no precise formula for preservation, but the essential tenet is that 'a party must provide the trial court with an explanation of [his or her] objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately.'" *Senvoy, LLC v. Employment Dept.*, 312 Or App 387, 388-39, 494 P3d 1034 (2021) (quoting *State v. Vanornum*, 354 Or 614, 632, 317 P3d 889 (2013)). Here, mother argues that the issue of "whether the juvenile court was authorized to rule that [J] was within its dependency jurisdiction because mother was present," was preserved when her counsel stated: "[M]y client is here today. So we're asking that the court not proceed with disposition and set aside the *prima facie*, if the court has already found that the allegations have been proven[.]" As we understand mother's argument, she concedes that she did not raise the particular argument to the trial court that she now raises. Nevertheless, she argues, citing *State v. Hitz*, 307 Or 183, 766 P2d 373 (1988), and *State v. Kamph*, 297 Or App 687, 442 P3d 1129 (2019), that she raised the "issue," which in the "hierarchy of importance in evaluating whether an issue is preserved is first and most important."

We disagree that mother raised the "issue" that she now argues on appeal—that the juvenile court was without legal authority under ORS 419B.815(7) to assert dependency jurisdiction, because mother did not fail to appear. The only statements that could be interpreted as mother alerting the court to that issue was her statements, "My client is here today. So we're asking that the Court not proceed with disposition and set aside the *prima facie*." However, viewing

those statements in the context of the subsequent colloquy, they were not specific enough to alert the court to the precise issue she now raises such that the court could identify its alleged error with enough clarity and permit it to consider and correct the error immediately. Following those statements, DHS asked mother why she was not present at the earlier hearing. The court then inquired about whether mother was making a motion to set aside and also noting that mother "is present for disposition." Mother responded that she was making a motion to set aside and explained that "she wasn't aware of *** the status check this morning at 8:15." The court responded that mother was ordered to appear at the last hearing and stated:

> "I forgot to come probably isn't gonna work. There are certain types of unavoidable delays, including even being arrested or whatever, that the Court has dealt with before where there was an unavoidable reason that the person couldn't be here but *** I forgot or I didn't remember to come isn't going to work in this case.
>
> "So I guess *** in short answer yes, I am denying the motion, at this point, to set aside the judgment *for that reason*."

(Emphasis added.)

That colloquy reflects that the bases of mother's argument before the juvenile court was that its order should be set aside because her appearance was based on "excusable neglect" under ORS 419B.923(1)(b),[1] and not that the court was without the legal authority to act under ORS 419B.815(7). Although mother's earlier statement that she "is here today" could be read as focusing on her presence at the hearing as being the basis of her motion, she provided a subsequent explanation for the basis of her motion that was more specific—that "she wasn't aware of *** the status check this morning at 8:15." Further, the court's statements and its ruling reflect that it understood the legal basis of mother's motion to be that her nonappearance should be excused, not that, for purposes of ORS 419B.815(7), she did

_____

[1] ORS 419B.923(1)(b) states that "the court may modify or set aside any order or judgment made by it *** [for] [e]xcusable neglect."

not fail to appear and that the court was therefore without legal authority to act.

Therefore, given this record, we conclude that mother's arguments on appeal are not preserved, and she does not ask for plain error review, and therefore we decline to address them. Accordingly, we affirm.

Affirmed.